[Civ. No. 1915.    Third Appellate District.—January 27, 1919.]

STEWART FRASER, Appellant, v. JAMES FRASER et al., as Executors, etc., Respondents; CHALMER MUNDAY, Trustee, etc., Intervener.

TRIAL—CONTINUANCE — PAYMENT AS CONDITION—DISCRETION.—The requirement by a trial judge that the defendants pay the plaintiff the lump sum of $120, fixed by the court as the expenses of plaintiff's witnesses, as a condition to the granting of a belated motion for a continuance of the trial of an action, was not an abuse of discretion, although the amount was fixed by the court on the basis of data furnished in open court by the unsworn statements of plaintiff's counsel.

ID.—EXPENSES OF PREPARING FOR TRIAL—COURT NOT LIMITED TO TAXABLE COSTS.—In requiring the payment of money as a condition of the postponement of a trial, the trial court is not limited to the taxable costs, but may exercise a reasonable discretion for the purpose of compensating the other side for the expenses incurred in preparing for the trial.

ID.—JUDGMENT OF DISMISSAL — NONCOMPLIANCE WITH CONDITION OF POSTPONEMENT—FAILURE TO PRODUCE TESTIMONY.—Where in such case the plaintiff declined to pay the defendants the sum fixed by the court as a condition precedent to the granting of a motion to postpone the trial, and also refused to produce witnesses and proceed with the trial, the court did not err or abuse its discretion in ordering a judgment of dismissal.

APPEAL—ORDER DENYING MOTION TO STRIKE OUT BILL OF COSTS—INSUFFICIENT RECORD.—Where a notice of motion to strike out a bill of costs stated as the grounds of the motion that the cost bill was not served or filed within the time required by law, and that such motion would be based on "all the papers, files, and records," in the action, an order denying such motion cannot be impeached on appeal, where there is no bill of exceptions or transcript of the proceedings nor anything in the record showing what, if any, papers, files, or evidence was used at the hearing.

APPEALS from a judgment and from an order of the Superior Court of Nevada County. George L. Jones, Judge. Affirmed.

The facts are stated in the opinion of the court.

Heim Goldman and Wright & Dignan for Appellant.

C. F. McGlashan, John T. Hennessey, Fred C. Peterson and Herrington & Clausen for Respondents.

GEORGE F. BUCK, J., *pro tem.*—This is an action brought to recover the sum of fifteen thousand dollars upon a rejected claim for services alleged to have been rendered decedent by plaintiff's assignor. Upon the day set for the trial of the case plaintiff moved the court for a continuance upon the ground that plaintiff's assignor, the real party in interest, was unable to be present and take part in the trial. Upon a hearing had, the court granted the continuance upon the condition that there be paid to defendants the sum of $120. Plaintiff refused to comply with this condition. He also refused to introduce any testimony "for the reason we have not any witnesses here," and "the plaintiff's principal witness and main party is unable to appear in court upon the showing made for continuance." Whereupon, upon motion of defendants, the court ordered judgment of dismissal. From this judgment plaintiff has appealed, and has also appealed from the order

of the court denying his motion to strike out defendants' cost bill.

As regards the judgment, plaintiff charges that "the trial court abused its discretion and exceeded its authority in its attempt to force the plaintiff to pay to the defendants a lump sum of money arbitrarily fixed by order of the court as a condition upon which the order granting a postponement would become effective."

In our opinion, the record fails absolutely to substantiate this charge against the trial court. The record shows that the trial judge, after he had determined, in the exercise of a most generous discretion, to grant plaintiff's belated and ill-supported plea for a continuance, proceeded as follows:

"The Court (Addressing Defendants' Counsel) : Figure up your expenses, Mr. Peterson, and bring your witnesses here, and the reporter's expenses, and we will see what the court can do; figure up your expenses now.

"Mr. Peterson: We find the reporter's fee, and the transportation and hotel bills, and including witnesses' fees for nine witnesses for two days—the time they will be out—makes $173.52, for the witnesses and transportation, and $15 more for the reporter, making $188.52—that does not include any expenses of counsel—$188.52.

"Mr. Dignan (Plaintiff's Counsel) : I ask that counsel give the names of the witnesses and where they come from, and state whether or not they were subpoenaed. . . . I would like to know where they are from, and what mileage claimed by each and their hotel bills, the hotel bill of each, so as to have it in the record."

In response to this request, defendants' counsel gave the names of the witnesses and stated where they came from and that they were all subpoenaed.

Plaintiff's counsel made no examination of the witnesses, or offered any testimony or made any statements to assist the court in computing the costs; nor did he attempt to impeach or qualify the statement made by defendants' attorney. The court, after noting that two of the witnesses called "are here in attendance on this other case," and also that "the court will take off the executrix, from Truckee," stated that the motion for continuance would be granted upon the payment of $150, which amount it later reduced to $120. This amount

was evidently found by the court by taking as a basis the above data furnished in open court by counsel as indicated above; and it does not appear that, under the circumstances, the court acted arbitrarily or abused its discretion in giving faith and credit to counsel's statements, and in computing mileage and expenses from the data furnished. After the court had fixed the amount of $120 as the proper amount to be paid as a condition to granting the continuance, plaintiff's counsel moved to strike out some of the statements made by defendants' counsel, upon the ground that they were unsworn statements. As a matter of fact, these statements were no more than a repetition of statements previously made without objection, and the motion, being made after the finding of the court, came too late.

Furthermore, as stated in the case of *Murphy Mortgage Co.* v. *Epp,* 99 Kan. 706, [162 Pac. 1170] : "In a certain sense a lawyer is always on oath that 'he will neither do nor consent to the doing of any falsehood in court.' The weight of authority is that the omission to swear a witness must be objected to at the trial. (*State* v. *Hope,* 100 Mo. 347, [13 S. W. 490, 8 L. R. A. 608] ; *City of O'Neill* v. *Clark,* 57 Neb. 760, 764, [78 N. W. 256] ; *Moore* v. *State,* 90 Tenn. 209, [33 S. W. 1046] ; *Goldsmith* v. *State,* 32 Tex. Cr. R. 112, [22 S. W. 405].) "

And the fact that the cost bill afterward presented and in part allowed was only about one-half of the costs fixed by the court upon the showing made at the time of the continuance, is not sufficient to show that the court acted arbitrarily or in abuse of its discretion on the evidence before it at the time.

As stated in the case of *Pomeroy* v. *Bell,* 118 Cal. 635, [50 Pac. 683] : "The court was not limited to requiring a payment of the taxable costs, as a condition of postponing the trial, but was at liberty to exercise a reasonable discretion for the purpose of compensating the plaintiff for the expenses incurred in preparing for trial."

As regards the appeal from the order denying plaintiff's motion to strike out bill of costs:

On this appeal plaintiff has furnished no bill of exceptions, nor are we furnished with any transcript of the proceedings had at the time of the making of the motion. The notice of motion stated as the grounds upon which the proposed motion would be made, "that the said cost bill was not served and filed within the time allowed by law," and that "the motion will

be based upon all the papers, records, and files in the above-entitled action.'' But there is nothing in the record showing what, if any, papers or files were, as a matter of ·fact, used at the hearing, or what evidence was offered or presented by either side. The minute order denying the motion makes no reference to any records or evidence having been used; while the formal order denying the motion to retax costs recites affirmatively that no evidence has ''been offered in support of said motion.''

The original minute order made by the clerk fails to show that costs were allowed defendant upon dismissal, thus conflicting with the order indicated in the reporter's transcript, and *non constat,* but there was an amended order entered at a subsequent day by the clerk. In addition to this, there is the formal order of dismissal afterward entered. But, as already stated, there is nothing in the record to show whether these, or any of these, or some other orders or evidence were presented at the time of the hearing. The order, therefore, cannot be impeached. (*Muzzy* v. *D. H. McEwen Lumber Co.,* 154 Cal. 685, [98 Pac. 1062].)

The judgment and order are affirmed.

Hart, J., and Burnett, J., concurred.