[Civ. No. 8114.   Third Dist.   Mar. 28, 1952.]

S. M. WILKIN, JR., et al., Respondents, v. T. E. TADLOCK et al., Appellants.

Bailey & Young for Appellants.

Chalmers, Cowing & Sans for Respondents.

SCHOTTKY, J. pro tem.—Defendants have appealed from an order "postponing the date of trial of the . . . action and ordering these defendants to pay plaintiffs' costs incurred as a result of said *postponement*," and from an order denying defendants' motion to tax costs.

The record shows that the action was set for trial on June 12, 1951.  On that date one of the attorneys for defendants made a motion for postponement because of the illness of his partner, an attorney for defendants.  The court thereupon rendered the following order:

"It Is Hereby Ordered, Adjudged and Decreed that the trial of this action be postponed until the 16th day of October, 1951, at the hour of ten o'clock A. M.

"It Is Hereby Further Ordered, Adjudged, and Decreed that defendants pay all costs incurred as a result of the postponement of the subject action, including all costs of plaintiffs in the amount of $_____."

Plaintiffs filed a memorandum of costs on June 13, 1951, in the sum of $722.62, which included travel expenses of plaintiffs amounting to $705.32.

On June 15, 1951, defendants filed notice of Rejection of Continuance Upon Condition, alleging therein that defendants at the time of making application for continuance "understood that the costs so imposed would be legal costs." On the same day defendants filed their motion to tax costs, requesting that the travel expenses be stricken from the memorandum of costs.

On June 28, 1951, the court denied defendants' motion to tax costs and made findings as follows: That Mr. Bailey, attorney for the defendants, moved the court for a continuance; that Mr. Roger Sans, one of the attorneys for the plaintiffs, announced that since the commencement of the action both of his clients had moved from the state of California, one to Kansas, where he was employed, and the other to Mexico, where he was employed; that both of said parties had traveled from their said places of employment to Woodland to testify on behalf of the plaintiffs at the trial of the action set for June 12, 1951; that Mr. Roger Sans further announced that they were anxious and ready and willing to go to trial but that, due to the illness and incapacity of both the attorneys for the defendants, he would not oppose a continuance of the trial of the action provided the defendants would agree to bear all of the costs sustained by the said plaintiffs, including the costs of their transportation from their places of employment to Woodland, and return; that the court was satisfied that the attorneys for all parties in the case and the court well understood that all costs included all of the items of expense incurred by the said plaintiffs as thereinabove stated.

Section 1024 of the Code of Civil Procedure provides: "When an application is made to a court or referee to postpone a trial, the payment of costs occasioned by the postponement may be imposed in the discretion of the court or referee as a condition of granting the same."

Appellants contend that "While the Court has the power, C.C.P., Sec. 1024, within its reasonable discretion, to award costs as a condition of granting a continuance, the amount and items of the costs are to be regulated by the general statutes defining costs." Appellants argue that "the discretion vested in the Court by C.C.P., Sec. 1024, is not what items or amounts shall be allowed but whether or not costs shall be allowed at all."

There seems to be little doubt that under the construction given to section 1024 by our appellate courts, a trial court,

as a condition of granting a continuance, is not limited to the costs ordinarily taxable after a case has been tried. The rule is well stated in 5 California Jurisprudence, section 29, page 1007, as follows: "The court is not limited to requiring a payment of the taxable costs as a condition of postponing the trial, but is at liberty to exercise a reasonable discretion for the purpose of compensating the opposing party for the expenses incurred in preparing for the trial. Hence in certain instances costs have included reporter's fee, transportation and hotel bills of witnesses and reporter, witnesses' fees, and the fees of all the jurors in attendance."

And in *Pomeroy* v. *Bell*, 118 Cal. 635 [50 P. 653], the court said, at page 638: "The court did not err in imposing the payment of seventy-five dollars as a condition for postponing the trial of the action, or from proceeding with the trial upon the refusal of the defendants to comply with this condition. The cause had been set down for trial upon that day with the consent of the defendants, and witnesses had been subpoenaed on behalf of the plaintiffs and were in attendance in court at that time, and one of the plaintiffs had himself gone from Los Angeles to Calaveras county to attend the trial. The record does not contain a copy of the bill of costs incurred by the plaintiffs, and we cannot say that the amount required to be paid was excessive. The court was not limited to requiring a payment of the taxable costs as the condition of postponing the trial, but was at liberty to exercise a reasonable discretion for the purpose of compensating the plaintiff for the expenses incurred in preparing for the trial."

The foregoing case was cited with approval by this court in *Fraser* v. *Fraser*, 39 Cal.App. 467 [179 P. 427], and we are not aware of any decision holding the contrary. Usually if a party to an action seeks a continuance when the case comes on for trial and it is opposed by the opposing side, a court will seek to ascertain what amount has been incurred in preparing for the trial, and will then fix the amount required to be paid as a condition of the continuance. In the instant case the findings made by the court in denying defendants' motion to tax costs (which findings are not challenged by defendants and appellants), show that it was stated by respondents' counsel that the two plaintiffs had come, one from Kansas, and one from Mexico, for the trial and that the parties and the court all understood that "all costs incurred as a result of the postponement" included those expenses. It is evident that appellants' counsel did not expect these expenses

to be so large, or he would have had the amount ascertained at the time, but it would not seem to be reasonable for appellants to expect, as they now contend, that the costs of continuance would be the reporter's fee of $7.50 and the witness fees and mileage of one witness amounting to $9.80. It must be borne in mind that appellants were seeking a continuance on the day the case came on for trial, and that under such circumstances they must expect to pay the "costs occasioned by the postponement."

While no point is made by respondents as to whether the orders appealed from, having been made prior to final judgment, are appealable orders, there may be some question as to their appealability. However, since we are convinced that the orders appealed from were within the power of the court and that there was no error in making them, we prefer to dispose of the appeal upon its merits.

The orders appealed from are affirmed.

Peek, J., and Van Dyke, J., concurred.

Appellants' petition for a hearing by the Supreme Court was denied May 26, 1952.