[Civ. No. 26509.    Second Dist., Div. Three.    Aug. 26, 1963.]

CECELIA ROSE McFADDIN, Plaintiff and Appellant, v. H. S. CROCKER CO., INC., et al., Defendants and Respondents.

Albert J. Corske for Plaintiff and Appellant.

Loeb & Loeb and Alfred I. Rothman for Defendants and Respondents.

FORD, J.—This is an appeal from a judgment of dismissal entered after the defendants had successfully objected to the

introduction of any evidence by the plaintiff on the ground that each alleged cause of action embodied in the complaint failed to state facts sufficient to constitute a cause of action.[1]

In the first cause of action it was alleged that on or about February 1, 1955, the defendant H. S. Crocker Co., Inc., and its agent, Duncan McIntosh, commenced an action in the superior court against Mrs. McFaddin, the plaintiff in the present action, and caused to be issued "a Writ of Claim and Delivery" commanding the sheriff to place H. S. Crocker Co., Inc., in possession of 220,750 Christmas cards. That writ was executed. The cards were not returned to Mrs. McFadden until July 9, 1957, although immediately after the execution of the writ she demanded that the cards be returned to her. It was further alleged that thereby she was prevented from selling the cards in the Christmas seasons of 1955, 1956 and 1957 and that "by reason of said delay said cards were caused to be exposed to the elements, to dirt, and to be damaged by handling, all to damage of plaintiff" in the sum of $25,000. In addition, it was alleged that she had incurred attorneys' fees in the "wrongful claim and delivery action" in the amount of $2,500 and had thereby suffered further damages in that amount.

The prior action between the parties was before this court on appeal. (*H. S. Crocker Co., Inc.* v. *McFaddin*, 148 Cal. App.2d 639 [307 P.2d 429].) Judicial notice may be taken of the record in that case. (*Flores* v. *Arroyo*, 56 Cal.2d 492, 496-497 [15 Cal.Rptr. 87, 364 P.2d 263] ; *Arechiga* v. *Housing Authority of City of Los Angeles*, 183 Cal.App.2d 835, 843 [7 Cal.Rptr. 338].) That was an action in which H. S. Crocker Co., Inc., sought recovery of possession of the Christmas cards. The relief to which the defendant therein, Mrs. McFaddin, was entitled upon establishing her right to the personal property was that set forth in section 667 of the Code of Civil Procedure as follows: "If the property has been delivered to the plaintiff, and the defendant claim a return thereof, judgment for the defendant may be for a return of the property or the value thereof, in case a return cannot

---

[1]"It is well settled, of course, that an objection to the introduction of any evidence on the ground that a complaint fails to state a cause of action is in the nature of a general demurrer to the complaint or a motion for judgment on the pleadings. Upon such an objection the allegations of the complaint must be accepted as true for the purposes of the objection," (*Campbell* v. *Clark,* 159 Cal.App.2d 432, 434 [324 P.2d 51].)

be had, and damages for taking and withholding the same.''
■ Deterioration is a proper element of damages for the detention of personal property. (*Anglo-California Trust Co.* v. *Collins,* 192 Cal. 315, 317 [219 P. 982].) ■ Moreover, under appropriate circumstances recovery of damages may be had for business losses arising out of wrongful detention. (See *Ruzanoff* v. *Retailers Credit Assn.,* 97 Cal.App. 682, 687 [276 P. 156].) ■ But attorneys' fees are not recoverable. (*LeFave* v. *Diamond,* 46 Cal.2d 868, 870-871 [299 P.2d 858, 60 A.L.R.2d 939].)

■ Mrs. McFaddin prevailed in the first action because her right of property had been invaded by the taking and withholding of the Christmas cards. But the basis of her claim of damages in the first cause of action in the present case was the same invasion of the same right. ■ ''It is well settled in this state that a party may not split a single cause of action, using the same obligation as the basis of separate suits, and that where this is done the judgment in the first action may be pleaded as a bar to a subsequent suit based on the same fundamental claim which could have been presented in the first action. [Citations.]'' (*McCaffrey* v. *Wiley,* 103 Cal. App.2d 621, 623 [230 P.2d 152].) This rule is generally applicable with respect to the subsequent litigation even though the plaintiff was not aware of the particular elements of damage therein sought to be recovered at the time of the pendency of the prior action. (*Van Horne* v. *Treadwell,* 164 Cal. 620, 622 [130 P. 5]; *McNulty* v. *Copp,* 125 Cal.App.2d 697, 707 [271 P.2d 90].) There is no claim in the present case that at the time of the trial in the prior action the Christmas cards were not available for inspection by Mrs. McFaddin as to their condition. (See *Kunz* v. *Nelson,* 94 Utah 185 [76 P.2d 577, 584, 115 A.L.R. 1322, 1330].) The stated rule is merely another application of the doctrine of res judicata, pursuant to which the first judgment acts as a bar to the prosecution of the second action. (*McNulty* v. *Copp, supra,* 125 Cal.App. 2d 697, 705.) ■ Since the trial court was warranted in taking judicial notice of the record in the prior action and properly applied the doctrine of res judicata in the light thereof, there was no error in the determination that facts sufficient to constitute a cause of action were not set forth in the first count of the complaint.

■ In her second cause of action Mrs. McFaddin alleged that on or about February 1, 1955, the defendant H. S. Crocker Co., Inc., caused to be issued ''a certain Writ of

Claim and Delivery, in a certain action," pursuant to which the sheriff took possession of the Christmas cards. It was further alleged that "in so doing the defendants acted maliciously and without probable cause and unjustly contrived and intended to injure this plaintiff and break up her business, then [*sic*] plaintiff then being engaged in the business of selling printing, including Christmas cards." The final allegation was that the action came on for trial on October 6, 1955, and a judgment was rendered in favor of Mrs. McFaddin.

In determining the character of that cause of action, the nature of the remedy pursued in the prior action must be understood. ▮ As stated in Witkin on California Procedure, at pages 847-848: "A plaintiff entitled to the possession of personal property held by another may bring an *action for specific recovery* of the property. . . . And, if immediate possession is important, he may invoke the *provisional remedy of claim and delivery* to obtain such possession without waiting for trial and judgment in the main action. . . . Thus, the action may be brought and possession recovered in the usual manner by judgment, or the action may be brought and possession recovered by the provisional remedy before judgment. The provisional remedy cannot be employed independently, but only in the action. Moreover, the provisional remedy gives only a temporary possession; title and right to possession are determined by the final judgment. . . . These distinctions are fundamental, though sometimes obscured by the confusing tendency of courts and attorneys to use the term 'claim and delivery' indiscriminately to refer to both the action and the provisional remedy." (See also *Fran-Well Heater Co.* v. *Robinson*, 182 Cal.App.2d 125, 129-130 [5 Cal. Rptr. 900].)

▮ By her second cause of action the plaintiff sought to recover damages for abuse of process. (See *Spellens* v. *Spellens*, 49 Cal.2d 210, 229-233 [317 P.2d 613]; *Tellefsen* v. *Key System Transit Lines*, 198 Cal.App.2d 611, 613-615 [17 Cal.Rptr. 919].) This view of the pleading is fortified by the statement of issues as set forth by the plaintiff in her pretrial statement, part thereof being as follows: "1. Whether defendants abused the processes of the Court. 2. Whether defendants maliciously used the processes of the Court. 3. Whether defendants are guilty of wrongful claim and delivery." Such an action is barred within one year after the commission of the wrongful act. (Code Civ. Proc., § 340, subd. 3; *Simons* v. *Edouarde*, 98 Cal.App.2d 826, 828 [221 P.2d 203].) Since the wrong was alleged to have occurred on or

about February 1, 1955, and since the present action was not commenced until January 28, 1958, the determination of the trial court with respect to the second cause of action was correct.

In the third count of her complaint Mrs. McFaddin alleged that at all times therein mentioned she was "engaged in the business of selling printing, including the trade and profession of selling business and greeting cards and Christmas cards" in and near the City of Long Beach. She further alleged that on or about February 1, 1955, the defendants (H. S. Crocker Co., Inc., and Duncan McIntosh), with the intent to destroy her business, "maliciously, wantonly and without justification undertook and conspired to deprive plaintiff of her business properties in the form of approximately 220,750 Christmas cards which represented more than 99% of plaintiff's business properties, and to destroy plaintiff's greeting card business by maliciously, wantonly and unjustifiably causing plaintiff's property in the form of greeting cards to be wrongfully seized by the Los Angeles County Sheriff." It was alleged that such action was undertaken for the purpose of interfering with the plaintiff's business and inducing her customers not to deal with her. In addition to an allegation as to general damages, the third cause of action contained an allegation that "many of said cards were damaged and destroyed in the handling when seized by the Sheriff's Office and before being returned," to her damage in the sum of $15,000.

By the third cause of action the plaintiff sought to recover damages for tortious interference with her business. (See *Buxbom v. Smith,* 23 Cal.2d 535, 546 [145 P.2d 305]; *Uptown Enterprises v. Strand,* 195 Cal.App.2d 45, 50-51 [15 Cal. Rptr. 486]; *Guillory v. Godfrey,* 134 Cal.App.2d 628, 632 [286 P.2d 474].) With respect to the allegation as to a conspiracy, the following statement in *Agnew v. Parks,* 172 Cal. App.2d 756, at page 765 [343 P.2d 118], is apropos: "There existing no cause of action for conspiracy in and of itself, the statute of limitations is determined by the nature of the action in which the conspiracy is alleged." Since the applicable statute of limitations is embodied in section 339, subdivision 1, of the Code of Civil Procedure, the cause of action is barred because the action was not commenced within two years of the commission of the wrong. (*Murphy v. Hartford Acc. & Indem. Co.,* 177 Cal.App.2d 539, 543-544 [2 Cal. Rptr. 325]; see *Italiani v. Metro-Goldwyn-Mayer Corp.,* 45 Cal.App.2d 464, 467 [114 P.2d 370].)

The plaintiff's position is not aided when the most

liberal interpretation is given to the allegation in the third cause of action that many of the cards had been damaged or destroyed in the course of detention. In her opening brief she states: "Subsequent to the termination of the previous case in favor of appellant, wherein respondents were ordered to return the cards to appellant or pay some $8,000 in lieu thereof, respondent returned some of the cards to appellant. Appellant then moved the court for a writ of execution for some $2,652, alleging that some 66,300 cards at 4¢ each had either not been returned or had been so damaged as to be unusuable. The court denied the motion without comment." It thus appears that Mrs. McFaddin, on the theory that all of the cards had not been redelivered to her and that each had a value of 4 cents, sought execution on the judgment for money to that extent. (See *Brown Garage Co.* v. *A. G. Graben Motor Co.*, 200 Iowa 913 [205 N.W. 841, 842].) Such procedure appears to have been proper because "the better and safer practice would seem to be to present to the court the facts showing nonfulfillment of the condition and obtain an order of court directing the issuance of the execution." (See *Adams* v. *Bell*, 219 Cal. 503, 505 [27 P.2d 757].) The order denying the motion for a writ of execution was a final determination of the issue raised by the motion. (*Cozad* v. *Raisch Improvement Co.*, 208 Cal. 496 [281 P. 1017].)

Some of the allegations of the third cause of action were incorporated by reference in the fourth cause of action. In addition it was alleged that on or about January 28, 1955, the defendants, "for the express purpose of injuring and destroying the plaintiff's business and her good reputation as a merchant, business woman and tradesman, maliciously, wantonly and unjustifiably initiated and carried on a campaign through the use of artifice, intimidation, intrigue and defamation, to cause customers, purchasers and potential purchasers of plaintiff's greeting cards . . . to believe that plaintiff was unlawfully possessed of the merchandise which she sold, that she did not own it and had no right to it and had no right to sell said merchandise," and that "said merchandise was rubbish, junk and unfit for sale and that plaintiff was unworthy of patronage." It was further alleged that the defendants induced plaintiff's customers and potential customers not to deal with her. For the reasons stated as to the third cause of action, the statute of limitations was a bar with respect to the fourth cause of action. (*Murphy* v. *Hartford Acc. & Indem. Co., supra,* 177 Cal.App.2d 539, 543-544; see *Italiani* v. *Metro-*

*Goldwyn-Mayer Corp., supra,* 45 Cal.App.2d 464, 467.) That conclusion is not affected by the allegation that the defendants "initiated or carried on a campaign" because the reference is to a date of "on or about the 28th day of January, 1955." (See *Agnew* v. *Parks, supra,* 172 Cal.App.2d 756, 765.)

In the fifth cause of action were incorporated by reference portions of the allegations of the third cause of action and a paragraph of the fourth cause of action. It was also alleged that on or about January 28, 1955, the defendants, "with intention to destroy plaintiff's business as aforesaid, maliciously and wantonly undertook and entered into a conspiracy and did conspire to do the acts hereinabove mentioned with the express purpose and intent to deprive plaintiff of her greeting card business by maliciously and wantonly interfering with plaintiff's business and pursuit of said business through the acts as aforesaid, and by maliciously, wantonly and wrongfully interfering with plaintiff's contractual relations, of which contractual relations defendants, and each of them, had full knowledge." It was further alleged that by such conduct the plaintiff was prevented "from concluding sales, and from fulfilling and performing her contractual relationship with her customers for the sales of her merchandise. . . ."

Insofar as the statute of limitations is concerned, the pleading of a conspiracy afforded the plaintiff no advantage. In *Agnew* v. *Parks, supra,* 172 Cal.App.2d 756, at page 762, the court said: "The long-established rule that a conspiracy, in and of itself, however atrocious, does not give rise to a cause of action unless a civil wrong has been committed resulting in damage [citation] requires a determination of whether the pleaded facts show something was done which, without the conspiracy, would give rise to a right of action [citations]. The only purpose of the pleader in employing a conspiracy is to link together and make equally liable with him who carries out the scheme one who has agreed to a common design to commit a wrong [citation]. To be actionable therefore, the alleged combination must result in the commission of a civil wrong, either by the perpetration of an unlawful act or some injurious act by unlawful means, resulting in damage [citations]." In the light of the governing law discussed hereinabove, the fifth cause of action was also barred by the statute of limitations.

In reaching the conclusion that the judgment must be

affirmed, this court has reviewed the determination of the trial court in the light of the applicable law as stated in *Uptown Enterprises* v. *Strand, supra,* 195 Cal.App.2d 45, at page 50: "When an objection to the sufficiency of a complaint is made for the first time at the trial the allegations therein will be construed liberally and every reasonable intendment will be indulged in its favor." Moreover, we have considered the salutary rule that the trial court may not summarily enter a judgment in favor of the defendants without first according to the plaintiff leave to amend, if such leave is requested and it appears probable that the plaintiff can amend to remedy the alleged defects in the complaint. (*Beverage* v. *Canton Placer Mining Co.,* 43 Cal.2d 769, 772 [278 P.2d 694].) In the present case, however, the plaintiff did not request leave to amend in the trial court.

Since the judgment must be affirmed, it is unnecessary to consider the plaintiff's contention that it was error to refuse to relieve her from her waiver of a jury trial which arose upon her failure to make a timely deposit of jury fees. (Code Civ. Proc., § 631.)

Assuming that it is properly before this court for review, one further matter remains for consideration. ▇▇▇ It is the plaintiff's contention that on each of two occasions the trial court erred in requiring that the plaintiff pay a sum of money to the defendants as a condition of the granting of her motion for a continuance of the date of trial.[2]

The first order was made on May 2, 1961, and is set forth in the minutes as follows: "On motion of plaintiff cause ordered continued to Nov. 1, 1961, at 9 A.M. . . . on condition Plaintiff pay to Defendant the sum of $250.00 within 20 days." The plaintiff's attack on that order is stated in her opening brief as follows: "Nowhere is there any suggestion that the $250 covered any costs 'occasioned by the continuance' regardless of how 'costs' are interpreted." The second order was made on October 31, 1961, and is set forth in the minutes as follows: "In consideration of the sum of $500.00 paid this date by plaintiff to defendant's counsel, Loeb & Loeb, to cover costs and counsel fees as defendant's counsel may determine, cause is on motion of plaintiff ordered continued to Jan. 9, 1962, 9:00 A.M. in Dept. 1. Trial date

---

[2]Section 1024 of the Code of Civil Procedure is as follows: "When an application is made to a court or referee to postpone a trial, the payment of costs occasioned by the postponement may be imposed, in the discretion of the court or referee, as a condition of granting the same.

of Nov. 1, 1961 ordered vacated.'' The plaintiff asserts that ''[n]owhere in the affidavits or the record of the case is there any suggestion that the court made any inquiry as to what respondents' 'costs occasioned by the continuance' were, if any, when the court ordered the payments of $250 and $500.'' She further states that ''when respondents finally got around to filing a cost bill covering the entire case costs amounted to only $194.75.''

In *Wilkin* v. *Tadlock*, 110 Cal.App.2d 156, at pages 157-158 [241 P.2d 1066], the court stated: ''There seems to be little doubt that under the construction given to section 1024 by our appellate courts, a trial court, as a condition of granting a continuance, is not limited to the costs ordinarily taxable after a case has been tried.'' (See also *Fraser* v. *Fraser*, 39 Cal.App. 467, 470 [179 P. 427].) The expenses incurred in preparing for trial for which no benefit is received because of the postponement of the trial may take various forms, depending on the nature of the case. Much of the preparatory work of counsel may have to be redone and, consequently, to that extent the party opposing the continuance may suffer additional expense because of the postponement. ▮▮▮ As further said in *Wilkin* v. *Tadlock, supra,* 110 Cal.App.2d 156, at page 158: ''Usually if a party to an action seeks a continuance when the case comes on for trial and it is opposed by the opposing side, a court will seek to ascertain what amount has been incurred in preparing for the trial, and will then fix the amount required to be paid as a condition of the continuance.'' In the absence of a record showing that the trial court did not make such reasonable inquiry in each instance in the present case before forming its judgment, it is to be presumed that the court acted prudently within the scope of its authority. (See *Smith* v. *Wiget*, 75 Cal.App.2d 591, 594 [171 P.2d 563] ; *Fraser* v. *Fraser, supra,* 39 Cal.App. 467, 470-471.) ▮▮▮ Error has not been established.

The judgment is affirmed.

Shinn, P. J., and Files, J., concurred.

A petition for a rehearing was denied September 17, 1963, and appellant's petition for a hearing by the Supreme Court was denied October 23, 1963.