Edith OLESEN, Special Administratrix of the Estate of Barbara Olesen, Deceased, Plaintiff and Appellant,

v.

Robert Harold SNYDER and Gene Raymond Terland, Defendants and Respondents.

No. 12436.

Supreme Court of South Dakota.

Argued Feb. 23, 1979.

Decided April 19, 1979.

Charles. Poches, Jr., Fort Pierre, for plaintiff and appellant.

E. D. Mayer of Riter, Mayer, Hofer & Riter, Pierre, for defendants and respondents.

DUNN, Justice.

This is a wrongful death action brought by the mother of decedent Barbara Olesen as special administratrix of her estate. Plaintiff appeals from the judgment of the trial court dismissing the complaint on a jury verdict in favor of defendants Snyder and Terland. We affirm.

On December 20, 1972, the decedent and Gary Myers accompanied Robert Bennett on an automobile trip from Chamberlain to Mitchell. Shortly after midnight, they endeavored to return to Chamberlain on Interstate 90. While enroute, the automobile, which was driven by Bennett, crossed from the right lane to the left lane, struck a guardrail, and came to a stop in the left lane of westbound traffic on an overpass bridge. Bennett, Myers, and the decedent got out of the automobile and viewed the damage. The automobile could not be moved from its position on the highway because the left rear wheel was broken and the fan was through the radiator. It was suspected that Bennett had injured his collarbone, and he traveled into Chamberlain with a truck driver who had stopped to render assistance. Myers and the decedent stayed behind to watch the automobile and returned to it because of the cold temperature outside.

Subsequently, another truck driver approached the automobile from the east, noticed persons in the automobile as he passed by it, and stopped on the right shoulder of the highway slightly ahead of the automobile. As the truck driver was about to alight and render assistance, Snyder, driving the Terland automobile in which Terland was asleep, approached the scene from the rear as he was traveling west in the right lane. Snyder saw the lights of the truck parked along the right side of the highway and moved the automobile into the left lane to go safely around the truck. As the automobile entered into the left lane, it struck the Bennett automobile. Myers survived this collision, but the decedent was found dead in the Bennett automobile.

The wrongful death action was originally filed in United States District Court in December 1973, but was remanded to the Fourth Judicial Circuit Court on January 30, 1974, because of lack of diversity of

citizenship. Plaintiff named Bennett, Snyder, and Terland as defendants and stated that "as a direct and proximate result of the negligence of the defendants, Barbara Olesen was killed." Bennett moved for summary judgment on the grounds that the decedent was a guest in his automobile and that as a matter of law plaintiff could not recover because of the guest statute, SDCL 32–34–1.[1] On August 7, 1975, the circuit court granted summary judgment for Bennett dismissing Bennett from plaintiff's complaint and from the cross claims of Snyder and Terland for indemnity and contribution. Snyder and Terland appealed the grant of summary judgment, and we affirmed the circuit court on December 31, 1976. *Olesen v. Snyder*, 1976, S.D., 249 N.W.2d 266.

The remaining matter regarding the negligence of Snyder and Terland was set for jury trial on August 17, 1977. Shortly before the trial was to commence, plaintiff discharged counsel and retained new counsel. On August 17, 1977, new counsel asked the court for a continuance to adequately prepare for trial. Due to the fact that a jury was called and excused, that the defendants had travelled from Oregon and Idaho to be present at the trial, and that the defendants' counsel had prepared and was ready to try the matter, the circuit court granted the continuance and assessed terms of $1,000 against plaintiff. Plaintiff was given the option of paying the full amount prior to trial or posting sufficient security to guarantee payment. If the terms were not satisfied in one of the prescribed ways, the circuit court stated that the motion of defendants to dismiss the complaint with prejudice for lack of prosecution would be granted. Plaintiff subsequently paid the terms assessed.

On November 25, 1977, plaintiff made a motion asking the circuit court to admonish the defendants and witnesses from making claims or statements or offering evidence concerning the negligence of Bennett who had been dismissed from the action; to instruct the jury that Bennett had been held by the court as a matter of law to not be liable and it was not to consider the negligence or wrong of Bennett in this case; to dismiss defendants' answer alleging contributory negligence; and to refuse admission of depositions of defendants' medical experts as to the cause of death because such opinions were not based upon reasonable medical certainty. The circuit court denied all of the plaintiff's motion. The matter proceeded to trial by jury for three days commencing on November 30, 1977. The circuit court denied the parties' motions for directed verdict, and the case was submitted to the jury. The jury returned a verdict for defendants, and judgment was entered on December 6, 1977, dismissing the action. Plaintiff's motions for new trial and judgment notwithstanding the verdict were denied on January 10, 1978.

The first issue raised by plaintiff on appeal is the contention that the circuit court erred in assessing terms against plaintiff to be paid to the defendants as a condition of granting a continuance of trial. The circuit court has the power to grant continuances upon a showing of good cause. SDCL 15–11–4. The mere fact that an attorney is discharged from a case does not give the absolute right to a continuance, and the engagement of new counsel just prior to trial is not necessarily a ground for continuance, particularly if the moving party is not free from fault in the matter. 17 C.J.S. Continuances § 23, p. 394; Annot. 48 A.L.R.2d 1155. The granting or refusal of a continuance rests within the sound discre-

1. "No person transported by the owner or operator of a motor vehicle as his guest without compensation for such transportation shall have cause of action for damages against such owner or operator for injury, death, or loss, in case of accident, unless such accident shall have been caused by the willful and wanton misconduct of the owner or operator of such motor vehicle, and unless such willful and wanton misconduct contributed to the injury, death, or loss for which the action is brought." Repealed by Ch. 240, § 1, S.L.1978, but applicable to this cause of action which arose before the effective date of the repeler. See Ch. 240, § 3, S.L.1978.

tion of the circuit court, and its rulings on motions for continuance will not be reversed on appeal in the absence of an abuse of discretion. SDCL 15–11–4; *Farmers and Merchants State Bank v. Mann*, 1973, 87 S.D. 90, 203 N.W.2d 173; *Hyde v. Hyde*, 1959, 78 S.D. 176, 99 N.W.2d 788; 17 C.J.S. Continuances § 5, p. 375; 17 Am.Jur.2d, Continuance, § 3, p. 120; Annot. 67 A.L. R.2d, § 3, p. 500. Further, every continuance that the circuit court grants "shall be upon such terms as the court may impose." SDCL 15–11–10. See also, 17 C.J.S. Continuances § 104, p. 486; 17 Am.Jur.2d, Continuance, § 50, p. 179.

▓ In the case before us, the circuit court granted the continuance requested by plaintiff and assessed terms of $1,000 against plaintiff as a condition of granting the continuance. Plaintiff argues that the circuit court exceeded its jurisdiction in that the only costs allowable are those taxable costs listed in SDCL 15–17–2(5). We disagree. Costs are defined as sums by way of indemnity for expenses in an action. SDCL 15–17–1. With regard to items and amounts allowed as costs, SDCL 15–17–2 states that "except as otherwise provided in special cases," costs allowed in civil actions are as listed in the statute. We have a statute which "otherwise provides" for costs occasioned by postponement of trial as follows:

"When an application is made to a court or referee to postpone a trial the payment of costs occasioned by the postponement may be imposed in the discretion of the court or referee as a condition of granting the same." SDCL 15–17–25.[2]

Actual expenses of the defendants for their round trip fares from Idaho and Oregon, motel expenses, meals and loss of pay from their jobs totaled $730. In addition to this, there was the expense of Mr. Mayer in preparing for trial, his time and his expense in going to Chamberlain to be ready for trial.

The circuit court viewed the facts and circumstances involved as discussed above and weighed the inconvenience and expense resulting to defendants from a delay against the disadvantage to plaintiff from requiring counsel to present his case. Upon completion of this analysis, the circuit court imposed the payment of $1,000 as a condition of granting the continuance in an effort to compensate defendants for the amount of expenses "occasioned by the postponement." We conclude that this was a reasonable term and condition of granting the continuance under the facts and circumstances of this case.

The next issue raised by plaintiff is that the circuit court erred in failing to admonish the defendants and witnesses against making claims or statements or offering evidence concerning the negligence of Bennett and to instruct the jurors that Bennett was not liable as a matter of law and that they were not to consider the negligence or liability of Bennett. Plaintiff argues that our affirmance of the summary judgment in *Olesen v. Snyder*, supra, became the law of the case. We agree with the defendants' contention that plaintiff misconstrues the scope of our decision. In *Olesen*, we decided the narrow issue of whether summary judgment was proper under the guest statute as to liability for ordinary negligence which was pled in the complaint. We did not address the issue of whether Bennett was indeed negligent and thereby may have caused or contributed to the decedent's injury and death. We did not address the issue of Bennett's possible wanton and reckless misconduct because it was not pled. We also did not address the issue of whether Bennett may be found liable for an inde-

---

**2.** This statute is identical to the California statute, C.C.P. § 1024, which has been interpreted under contentions similar to plaintiff's as to the allowance only of taxable costs. California courts have given the construction to the statute that a trial court, as a condition of granting a continuance, is not limited to the costs ordinarily taxable after a case has been tried, but is at liberty to exercise a reasonable discretion for the purpose of compensating the opposing party for the expenses incurred in preparing for the trial. See e. g., *McFaddin v. H. S. Crocker Co.*, 1963, 219 Cal.App.2d 585, 33 Cal.Rptr. 389; *Wilkin v. Tadlock*, 1952, 110 Cal.App.2d 156, 241 P.2d 1066.

pendent act of negligence after the accident in that a new obligation arose to render aid to the decedent which terminated the guest relationship. This was also due to the fact that plaintiff did not allege such a new obligation in the complaint.

■ Due to the fact that our holding in *Olesen* was limited to the question of Bennett's liability for ordinary negligence, which was pled, and due to the fact that we did not address his negligence, the circuit court did not err in failing to admonish and instruct as requested by plaintiff. In fact, to state that Bennett's negligence could not be shown during the trial would be unfairly prejudicial to the defendants. This is true because the defendants in their answer pled by way of affirmative defense that the negligence of Bennett was the sole proximate cause of the injuries and resulting death of the decedent. We agree with the following statement made by defendants' counsel in argument before the circuit court:

" * * * even though Bennett is not liable in damages because of the guest statute, his negligence or claimed negligence goes to the question of proximate cause and goes to the question of is or are Snyder and Terland responsible in damages because their accident was the proximate cause rather than somebody else's, of the death of the Decedent."

It was permissible for defendants to introduce evidence at trial that the proximate cause of the death was something other than the negligence of the defendants. Such proof includes the challenged expert testimony of Dr. Pitt-Hart, Dr. Henry, and Professor Stenases relating to the cause of death possibly derived from head injuries sustained during the first collision as evidenced from a dent in the dashboard of the Bennett automobile located directly in front of where the decedent was riding.

■ Plaintiff further contends that the circuit court erred in refusing its four proposed instructions. We conclude that the circuit court did not err in refusing to give the proposed instructions. The first such instruction involves the statutory require-

ments for motor vehicle headlights and negligence arising from violation of the statute. There is no evidence in the record, however, that the headlights on the Terland automobile were defective. It is recognized that the circuit court should present only those issues to the jury by way of instruction which find support by competent evidence in the record. *Miller v. Baken Park, Inc.,* 1970, 84 S.D. 624, 175 N.W.2d 605, mod. 85 S.D. 133, 178 N.W.2d 560; *State Highway Commission v. Lacey,* 1962, 79 S.D. 451, 113 N.W.2d 50. The trial court did give Instruction 13 which properly stated the rules of the road as applied to the evidence in this case. The instruction reads as follows:

"It is the duty of a person operating a motor vehicle upon a public highway of this state to keep such lookout for other vehicles, persons, and the conditions upon the highway as a reasonably prudent person would maintain under the same or similar circumstances, and to have the motor vehicle driven by him under such control that he can stop the same or otherwise avoid an accident within his range of vision, unless by reason of a condition or circumstances which could not have been reasonably anticipated by an ordinarily prudent person in like position, he could not stop or otherwise avoid an accident."

■ The second proposed instruction involves the finding of no liability on the part of Bennett and instructs that the jury not consider any evidence as to Bennett's negligence or whether such negligence caused the decedent's death. This instruction would have been improper in light of our discussion above regarding Bennett's liability as opposed to the question of his negligence. Further, Instruction 23 given by the trial court instructed the jury as follows:

" * * * Therefore, if you find the defendant was negligent, and that but for his negligence the accident would not have happened, he cannot be relieved of any liability to the plaintiff by claiming that somebody else, not a party to this action, was in part at fault."

This is followed by Instruction 24 which states:

"You are instructed that the deceased, Barbara Olesen, was dead after the two successive collisions, and that such death is an indivisible injury, and if you find that defendant Snyder was negligent, and that such negligence resulted in a collision, then you are instructed that said defendant Snyder is wholly liable with such death, and resulting injuries to the plaintiff."

Both of these instructions were given over the objection of the defendants and certainly advised the jury that the negligence of Bennett did not foreclose a verdict for the plaintiff if it found that defendants Snyder and Terland were guilty of negligence which proximately caused the death. In effect, these instructions took the first accident completely away from the deliberation of the jury; however, plaintiff now claims that with the giving of these instructions the court was inconsistent and in error in giving a protective order foreclosing plaintiff's mentioning Bennett's status in the case and stopping him from mentioning Bennett in introducing evidence as to Bennett's lack of negligence which was the proximate cause of this accident and death.

First of all, plaintiff exaggerates the order of the court previous to evidence being introduced. The statement of the court, if it is to be considered an order, only stopped the plaintiff during his opening statement from mentioning that Bennett's part of the case had been dismissed. There is no order forbidding the plaintiff from producing evidence that Bennett's negligence was not the proximate cause of the death. In fact, plaintiff did introduce evidence through the witness Myer that it was Myer's head that hit the windshield in the first accident and that the decedent was alive and acting normally after the first accident. But above all, the court's Instructions 23 and 24 instructed the jury to disregard the first accident and focus its attention on the issue of whether these defendants were· negligent and whether their negligence was a proximate cause of the death. They did not provide that the negligence of these defendants had to be the sole cause of the accident and death. These instructions made it im-material whether Bennett's negligence contributed to the accident or death. This was the most favorable position in which plaintiff could go to the jury, and plaintiff should not be permitted to complain of it on appeal.

▪ The third and fourth proposed instructions involve statutory prescriptions for highway speeds and negligence arising from violation of the statutes. Three instructions given by the circuit court (Nos. 12, 13, and 15) substantially cover the principles embodied in these two proposed instructions. By giving such instructions, the circuit court would only be amplifying instructions already given. *Egan v. Sheffer*, 1972, 86 S.D. 684, 201 N.W.2d 174; *Jorgenson v. Dronebarger*, 1966, 82 S.D. 213, 143 N.W.2d 869.

▪ Plaintiff also contends that the circuit court erred in failing to strike the defendants' allegation of contributory negligence of the decedent and in instructing the jury on contributory negligence. Plaintiff argues that there is a presumption, in the absence of evidence to the contrary, that a person killed in an automobile accident was exercising due care for his protection at and immediately before the accident. *Dehnert v. Garrett Feed Company*, 1969, 84 S.D. 233, 169 N.W.2d 719. The defendants pled in their answer the alternative defense of contributory negligence on the part of the decedent. It is undisputed that the presumption of due care disappears when direct or circumstantial evidence is introduced from which facts to the contrary can be adduced. *Dehnert v. Garrett Feed Co.*, supra. The fact that the decedent returned to the automobile after the first collision rather than accepting a ride as Bennett did with the truck driver created an issue of fact for the jury to consider. The circuit court properly instructed the jury regarding contributory negligence and the duty of passengers. Therefore, we conclude that the circuit court did not err in failing to strike the defense of contributory negligence or in submitting the issue of contributory negligence to the jury.

██ Plaintiff challenges the sufficiency of the evidence to justify the jury verdict for the defendants and alleges that the jury verdict is contrary to the facts and the law of the case. Upon our review of the sufficiency of the evidence on appeal, we consider the evidence and the inferences therefrom in the light most favorable to upholding the verdict. *Engberg v. Ford Motor Co.*, 1973, 87 S.D. 196, 205 N.W.2d 104. We will also consider plaintiff's evidence only insofar as it tends to amplify, clarify, or explain evidence in support of the jury verdict. *Nugent v. Quam*, 1967, 82 S.D. 583, 152 N.W.2d 371. If, when so viewed, there is competent and substantial evidence to support the verdict, then it must stand. *Vander Vorste v. Northwestern Nat. Bank*, 1965, 81 S.D. 566, 138 N.W.2d 411.

██ Plaintiff argues that since other vehicles approached the scene of the first accident and spotted the Bennett vehicle on the highway without colliding into it, the defendants must have been negligent in failing to see the Bennett vehicle and avoiding the collision. The evidence, however, shows that two truck drivers who stopped at the scene after the first accident had been alerted prior to reaching the scene by truckers traveling the opposite direction that there was something wrong or that there was trouble ahead on the highway. An off-duty police officer who approached the scene after the second collision noticed the lights of the truck on the right shoulder of the highway, slowed his automobile, dimmed his lights, and noticed a shape on the highway or movement or reflection off of something. At that point, the officer switched his headlights to bright and observed the shape of cars in the left lane as well as people moving around the scene. These instances are contrasted with the circumstances surrounding the approach of the defendants' automobile. There was no advance warning that there was trouble ahead. As defendant Snyder testified, when he saw the flashing truck lights, he changed to the left lane, dimmed his lights, and let up on the gas pedal. He indicated that he did not see any lights or reflections in the left lane. On the basis of these facts and circumstances, the jury determined that the defendants were not liable and rendered a verdict for the defendants. We conclude that there is competent and substantial evidence in the record to support the jury verdict.

██ Plaintiff finally contends that the circuit court erred in not granting plaintiff's motion for judgment notwithstanding the verdict and for new trial. In addition to the grounds for the motion cited by plaintiff, which we have discussed above, plaintiff argues that the defendants' counsel made prejudicial remarks in his closing argument to the jury regarding the negligence of Bennett being the proximate cause of the decedent's death. It appears that the absence of Bennett from the case was first brought to the attention of the jury during closing argument by plaintiff's counsel in the form of repeated references to Bennett and his conduct. The remark of the defendants' counsel was seemingly in response to plaintiff's closing argument. Since the statements of plaintiff's counsel invited the response objected to on appeal, plaintiff cannot successfully argue that such a response warrants a new trial. *Fredrick v. Dreyer*, 1977, S.D., 257 N.W.2d 835. This is especially true in light of the fact that plaintiff's counsel did not object to the alleged prejudicial remark at the time it was made. *Behseleck v. Andrus*, 1932, 60 S.D. 204, 244 N.W. 268. Upon a review of the transcript, we cannot say that the circuit court abused its discretion in refusing to grant the motion for judgment notwithstanding the verdict or for new trial. *Aschoff v. Mobil Oil Corp.*, 1977, S.D., 261 N.W.2d 120; *State v. Powers*, 1954, 75 S.D. 209, 62 N.W.2d 764; *Greve v. Bisson*, 1943, 69 S.D. 208, 8 N.W.2d 859; *Voegeli v. Schultz*, 1940, 67 S.D. 538, 295 N.W. 493.

The judgment of the circuit court based upon the jury verdict is affirmed.

All the Justices concur.