[Civ. No. 6038. Fifth Dist. June 20, 1983.]

ANGELA M. DᴇCESARE, a Minor, etc., Plaintiff and Appellant, v. EDWARD LEMBERT, Defendant and Respondent.

COUNSEL

Ritter & Ritter, Minton Ritter and Kirk G. Neiberger for Plaintiff and Appellant.

McCormick, Barstow, Sheppard, Coyle & Wayte, Lawrence E. Wayte and David H. Bent for Defendant and Respondent.

OPINION

ANDREEN, J.—This is an appeal from an order imposing sanctions and costs against plaintiff and her attorney following the granting of a motion that the case be dropped from the calendar. We reverse with directions.

FACTS

Plaintiff filed a medical malpractice action against defendant Dr. Lembert. The trial was set for June 30, 1980, in Fresno. At the mandatory settlement

conference, plaintiff's counsel asked for a continuance because of a conflict with a trial in Pasadena. Judge Pettitt, who was conducting the settlement conference, responded that he could not entertain an oral motion and that court rules required a formal written motion for continuance be filed, which would be heard by the presiding judge. No motion was filed.

On June 27, the Friday preceding the Monday trial date, an attorney, Bergstrom, telephoned defendant's attorneys to inform them he, Bergstrom, would appear for plaintiff on Monday and move for a continuance because plaintiff's counsel were still unavailable to try the case.

On June 30, the court ordered the case trailed until July 1, because of the unavailability of a department.

On July 1, Bergstrom made an oral motion for continuance before Presiding Judge Robert L. Martin. He informed the court that the reason a continuance was needed was not the Pasadena trial, which was in recess for one week, but because trial counsel Minton Ritter and Roberta Ritter were at the Mayo Clinic so that Mr. Ritter could undergo a physical examination. The defense attorney opposed the motion because his client had kept his calendar clear of medical appointments for four days so that he could defend himself. Also, the defense attorney had expended 17 hours of trial preparation time.

Judge Martin indicated after argument that he would entertain a motion to drop the matter from calendar on the part of the plaintiff with the understanding that there would be a later hearing on costs/sanctions if so noticed by defense counsel or, in the alternative, the case would be assigned for trial to commence at 1:30 p.m. on July 1, 1980, before the presiding judge. Mr. Bergstrom then indicated to the court that he was requesting that the matter be dropped from the calendar, and the request was granted conditioned upon the understanding that there would be a later hearing on a notice of motion with respect to the question of sanctions and costs.

The motion for sanctions and costs was heard on August 8, 1980, by the Honorable Blaine Pettitt. Respondent submitted declarations showing costs of $13,232.84 incurred in preparation for the delayed trial. On August 25, 1980, Judge Pettitt issued a minute order awarding the sum of $6,500 to respondent and his attorneys.

### ARE ATTORNEY FEES RECOVERABLE UNDER CODE OF CIVIL PROCEDURE SECTION 1024?

In its memorandum of order which accompanied the minute order the court explained the conduct of plaintiff's counsel which led the court to

award costs to defendant. The memorandum does not reveal, however, how the court was apportioning the $6,500 award in light of the $13,232 demand:

"The Court was troubled with the unusually large amount of sanctions requested. In the opinion of the Court not all of defense counsels' preparation will be lost and have to be repeated. Not all of Defendant's time set aside for trial will be or was irretrievable. At the same time there was at least a total lack of proper concern for other peoples' rights and obligations.

"Therefore, the Court allowed $6,500.00 as a payment of costs under Code of Civil Procedure Section 1024 out of $13,232.84 demanded."

This language implies the award of costs included some amount for attorney fees.

We turn first to a review of statutory law. Chapter 6 of title 14 in part 2 of the Code of Civil Procedure codifies the allowance of costs. Section 1021 of that chapter provides, "Except as attorney's fees are specifically provided for by statute, the measure and mode of compensation of attorneys . . . is left to the agreement . . . of the parties; but parties to actions or proceedings are entitled to costs and disbursements, as hereinafter provided." This section makes it clear by definition that attorney fees are not included as "costs and disbursements" except "as hereinafter provided."

Section 1024, a section within chapter 6, does not specifically identify attorney fees as costs which may be imposed as a condition for granting a continuance. It provides: "When an application is made to a court or referee to postpone a trial, the payment of costs occasioned by the postponement may be imposed, in the discretion of the court or referee, as a condition of granting the same."

It is thus apparent that there is no statutory basis for an allowance of attorney fees as a condition for granting a postponement.

Defendant relies on *McFaddin* v. *H. S. Crocker Co.* (1963) 219 Cal.App.2d 585 [33 Cal.Rptr. 389], petition for hearing denied October 23, 1963. The *McFaddin* court did not disturb an award made pursuant to section 1024 that was "to cover costs and counsel fees." (At pp. 594-595.) *McFaddin* relied on two cases. The first, *Wilkin* v. *Tadlock* (1952) 110 Cal.App.2d 156 [241 P.2d 1066], however, only held that travel expenses of the parties, as well as taxable costs could be ordered as a condition for continuance under Code of Civil Procedure section 1024. It did not hold that attorney fees came within the section.

The other case relied upon, *Fraser* v. *Fraser* (1919) 39 Cal.App. 467 [179 P. 427], similarly does not stand for the proposition that attorney fees may be imposed as a condition for a continuance. In *Fraser,* the court limited itself to hotel bills, reporter's fees and travel expenses for witnesses. The amount did not include any expenses of counsel. It is thus seen that the two cases cited in *McFaddin* do not support the conclusion of the court.

The parties have not cited, but independent research has revealed, authority for the imposition of attorney fees as a condition for continuance made necessary by the filing of an amendment to the pleadings. In *Williams* v. *Myer* (1907) 150 Cal. 714 [89 P. 972] a three-judge panel held that the imposition of attorney fees of $100 was a proper term as a condition for the filing of an amended complaint on the day of trial which, the trial court found, would necessitate a continuance. The basis for the holding was section 473 of the Code of Civil Procedure which permits amendments "upon such terms as may be just." The predecessors of sections 1021 and 1024 were not discussed. Reliance was also placed upon *Pomeroy* v. *Bell* (1897) 118 Cal. 635, 638 [50 P. 683]. *Pomeroy* v. *Bell,* however, does not make it clear that the condition imposed for postponing the trial was for anything other than travel expenses.

*Pike* v. *Zadig* (1915) 171 Cal. 273 [152 P. 923] upheld without citation of authority the imposition of $25 as terms for filing an amended complaint after a demurrer was sustained. The $25 must have been for attorney fees. This case has never been cited for this point and is obviously out of step with current law.

Whatever force the above cases may have once had, they have been overruled sub silentio by *Bauguess* v. *Paine* (1978) 22 Cal.3d 626 [150 Cal.Rptr. 461, 586 P.2d 942]. There, a trial court displeased with certain actions of an attorney, granted a defense motion for a mistrial. Defense counsel then requested attorney fees for the two days of the aborted trial. The court ordered plaintiff's counsel to pay the defendant $700 for attorney fees as a sanction for what it deemed to be misconduct of plaintiff's attorney. The Supreme Court reversed. The court noted that ordinarily, each party bears his own attorney fees. This has been modified by statute in limited situations. Also, attorney fees have been awarded in certain kinds of socially beneficial litigation. (*Serrano* v. *Priest* (1977) 20 Cal.3d 25, 35-47 [141 Cal.Rptr. 315, 569 P.2d 1303].) However, a court may not award attorney fees as a sanction under its supervisory power. The court stated at page 637: "It would be both unnecessary and unwise to permit trial courts to use fee awards as sanctions apart from those situations authorized by statute."

There is a recent case, subsequent to *Bauguess* v. *Paine, supra,* 22 Cal.3d 626, which states in dicta that attorney fees are allowable under Code of Civil Procedure section 1024. The case, *Medford* v. *Superior Court* (1983) 140 Cal.App.3d 236 [189 Cal.Rptr. 227], does not discuss *Bauguess* v. *Paine* and contents itself relying on a citation to 4 Witkin, California Procedure (2d ed. 1971) Trial, section 29, which, in turn, relies upon *McFaddin* v. *H. S. Crocker Co., supra,* 219 Cal.App.2d 585. For reasons discussed above, we do not believe that the *McFaddin* case is authority.

On appeal defendant asserts the award of fees was proper as a sanction for "vexatious litigants." This theory was not urged below and several California cases have refused to embrace this theory. (See, e.g., *D'Amico* v. *Board of Medical Examiners* (1974) 11 Cal.3d 1, 27 [112 Cal.Rptr. 786, 520 P.2d 10]; *Serrano* v. *Priest* (1977) 20 Cal.3d·25, 42 [141 Cal.Rptr. 315, 569 P.2d 1303]; *People* v. *Silva* (1981) 114 Cal.App.3d 538, 555 [170 Cal.Rptr. 713]; cf. Code Civ. Proc., § 391 et seq.)

We conclude that insofar as the defendant was awarded attorney fees, the order was in excess of the court's power.

### IS THE DEFENDANT DOCTOR'S LOST INCOME RECOVERABLE UNDER CODE OF CIVIL PROCEDURE SECTION 1024?

█  A court faced with a motion for continuance is not limited to taxable costs in awarding costs as a condition under Code of Civil Procedure section 1024. (*Fraser* v. *Fraser, supra,* 39 Cal.App. 467, 470.)

We turn to a review of statutory and decisional language to determine whether an amount for reimbursement for loss of income may be imposed as "costs" for granting a postponement. Code of Civil Procedure section 1024 utilizes the words "*costs* occasioned by the postponement . . . ." (Italics added.) The language in *Pomeroy* v. *Bell, supra,* 118 Cal. at page 638 is: "[W]e cannot say that the amount required to be paid was excessive. The court was not limited to requiring a payment of the taxable costs as the condition of postponing the trial, but was at liberty to exercise a reasonable discretion for the purpose of compensating the plaintiff for the *expenses* incurred in preparing for the trial." (Accord *Wilkin* v. *Tadlock, supra,* 110 Cal.App.2d 156, 158; *Fraser* v. *Fraser, supra,* 39 Cal.App. 467, 470-471, italics added.)

The words "costs occasioned by postponement" and "expenses incurred in preparing for the trial" simply do not connote lost income. They imply something paid out. Had the Legislature wished to include loss of income

in Code of Civil Procedure section 1024, it would have utilized language more expansive than the word "costs."

However, Dr. Lembert made no appointments for the Monday that trial was to start and for Tuesday, Wednesday and Thursday of that week. It is possible that the costs of maintaining his office continued and that he was not able to utilize much of the time. If so, he is entitled to reimbursement for costs not offset by income. We conclude that if Dr. Lembert's costs of maintaining his office during the four days of lost time exceeded any income generated by his or his staff's activities during said period, he should be able to recover same. If he claims such costs, he shall, within 30 days after this decision becomes final, file a motion therefor, with supporting schedules and affidavits.

The judgment is reversed with directions.

Zenovich, Acting P. J., and Hamlin, J., concurred.