[Civ. No. 67447. Second Dist., Div. Seven. Feb. 10, 1983.]

PATTI MEDFORD, Petitioner, v.
THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent;
M. HEKMAT et al., Real Parties in Interest.

**COUNSEL**

Robert M. Rosenthal for Petitioner.

No appearance for Respondent.

Anton Peter Marantz for Real Parties in Interest.

**OPINION**

**JOHNSON, J.**—Petitioner Medford's landlord filed an unlawful detainer action against her in the superior court. Medford filed an answer in which she denied on information and belief that she owed $950 in back rent, admitted that the fair rental value of the premises was $35 per day and alleged as an affirmative defense that the premises were untenantable. The matter was set for trial on October 7, 1982. On October 2, 1982, Medford moved out of the apartment. When the case was called for trial, Medford advised the court that she had surrendered the premises and that she wished to have the trial date vacated and to file a cross-complaint against the landlord and others.

The court ordered the matter continued to October 12 on condition that Medford deposit $3,050 "back rent" with the court.[1] The court took this action on its own motion. It heard no evidence on the merits of the landlord's claim or Medford's defenses. Medford deposited $3,000 which was apparently acceptable to the court. At the October 12 hearing the court granted Medford leave to file her cross-complaint and set the case for trial on December 13. On December 6 the court heard Medford's motion for the return of the money deposited in court. The court denied the motion.[2] This petition for a writ of mandate followed.

The proceeding was commenced on January 10, 1983. Neither respondent nor real parties in interest landlord filed any response within the time allowed by California Rules of Court, rule 56(b). We then requested real parties in interest to file opposition, but they did not do so. We have therefore considered the petition, supporting exhibits, and also the contents of the superior court file, of which we take judicial notice. ██ Having thoroughly considered the mat-

---

[1] The sum of $3,050 represents $950 alleged to be due for the July rent plus $1,050 per month rent for August and September. Technically, the amount due the landlord after the expiration of the three-day notice to pay rent or quit is damages, not rent. (Code Civ. Proc., § 1174, subd. (b).)

[2] At the December 6 hearing the court also granted Medford's motion to vacate the trial date and denied without prejudice her motion to file an amended answer.

ter, we have concluded that this is a case in which relief by writ of mandate is appropriate, in that the respondent court's order of October 7, 1982, was an abuse of discretion from which Medford has no adequate remedy at law (Code Civ. Proc., § 1086), and that issuance of the peremptory writ in the first instance, as authorized by Code of Civil Procedure section 1088, is also appropriate.

■ In an unlawful detainer action, a cross-complaint by the tenant is not allowed so long as she remains in possession of the premises. (See *Gonzales* v. *Gem Properties* (1974) 37 Cal.App.3d 1029, 1034 [112 Cal.Rptr. 884]; Code Civ. Proc., § 1170.) Once the tenant moves out, she becomes eligible to file a cross-complaint under the provisions of Civil Code section 1952.3.[3] The filing of a cross-complaint in this situation is governed by Code of Civil Procedure section 428.50 which provides: "A party shall obtain leave of court to file any cross-complaint except one filed before or at the same time as his answer to the complaint or cross-complaint. Such leave may be granted in the interest of justice at any time during the course of the action."[4] The court, in its discretion, may continue the trial date where filing or responding to the cross-complaint necessitates such a continuance. (Cf. *Dunzweiler* v. *Superior Court* (1968) 267 Cal.App.2d 569, 575-579 [73 Cal.Rptr. 331] [delay in filing cross-complaint was reasonable; postponement of trial was not a sufficient ground for denying leave to file the cross-complaint].)

■ We hold that the trial court abused its discretion in requiring Medford to deposit into court the back rent and accrued damages alleged to be due the landlord as a condition to filing the cross-complaint or as a condition to continuing the trial date to allow time for filing and responding to the cross-complaint.

Requiring a tenant to deposit into court the alleged back rent or accrued damages has the same effect as a prejudgment attachment. Attachments against residential tenants are prohibited by Code of Civil Procedure section 483.010, subdivision (c). This prohibition applies whether the claim is based on an

---

[3]The section provides in relevant part: "(a) Except as provided in subdivisions (b) and (c), if the lessor brings an unlawful detainer proceeding and possession of the property is no longer in issue because possession of the property has been delivered to the lessor before trial or, if there is no trial, before judgment is entered, the case becomes an ordinary civil action in which:

". . . . . . . . . . . . . . . .

"(2) The defendant may, by appropriate pleadings or amendments to pleadings, seek any affirmative relief, and assert all defenses, to which he is entitled, whether or not the lessor has amended the complaint; but subdivision (a) of Section 426.30 of the Code of Civil Procedure does not apply unless, after delivering possession of the property to the lessor, the defendant (i) files a cross complaint or (ii) files an answer or an amended answer in response to an amended complaint filed pursuant to paragraph (1)."

[4]Civil Code section 1952.3 could be interpreted to mean that the defendant may file a cross-complaint as a matter of right. This issue has not been presented to us in this case and we express no opinion thereon. We take the proceedings below as we find them.

unlawful detainer or arises in an ordinary civil action.[5] For the reasons set forth below a trial court cannot resurrect the prejudgment attachment in the guise of exercising its discretion to permit a cross-complaint or continue a trial date.

Deposit of back rent and accrued damages cannot be justified on the ground that it protects the landlord from delays that naturally flow from opening the case to a cross-complaint. Once the tenant surrenders possession, the unlawful detainer becomes an "ordinary civil action." (Civ. Code, § 1952.3, subd. (a), *supra.*) The rationale for giving the landlord a speedy and summary remedy evaporates. (*Union Oil Company* v. *Chandler* (1970) 4 Cal.App.3d 716, 722 [84 Cal.Rptr. 756].) At that point, a landlord is no more entitled to "protection" from the normal legal process than any other civil litigant. There is no more reason to require a tenant-defendant to deposit alleged back rent and damages in order to permit her to file a cross-complaint than there would be to require an automobile driver-defendant to deposit a sum equal to the plantiff's claim as a condition of filing a cross-complaint in a personal injury case.

Even in the context of unlawful detainer actions, depositing disputed back rent and accrued damages bears no rational relation to protecting the landlord from delays incident to the filing of the cross-complaint. A similar issue arose in *Green* v. *Superior Court* (1974) 10 Cal.3d 616 [111 Cal.Rptr. 704, 517 P.2d 1168]. There the court considered the tension between maintaining unlawful detainer actions as speedy remedies for restitution of the landlord's property and allowing the tenant to raise the affirmative defense of breach of warranty of habitability. The Supreme Court resolved this tension not by requiring the deposit of past rent, but by noting that " '[T]he trial court may, during the pendency of the action and *at the request of either party,* require the tenant to make the rental payments at the contract rate into court *as they become due for as long as the tenant remains in possession.*' " (10 Cal.3d at p. 637 [italics added] quoting from *Hinson* v. *Delis* (1972) 26 Cal.App.3d 62, 71 [102 Cal. Rptr. 661].)

It is clear from *Green* that a tenant in possession can only be required to pay into court rent which accrues after she files her answer alleging breach of the warranty of habitability. (10 Cal.3d at p. 637.) The same rationale would apply to a tenant in possession seeking a continuance of trial,[6] a stay of execution or the like since the potential injury to the landlord is the same, an incremental increase in unpaid rent during the delay. The possibility of loss of back rent or ac-

---

[5]Section 483.010, subdivision (c) provides: ". . . If the action is against an individual, an attachment may be issued only on a claim which arises out of the conduct by the individual of a trade, business, or profession. An attachment may not be issued on a claim against an individual which is based on the sale or lease of property, . . . where the property sold or leased, . . . was used by the individual primarily for personal, family, or household purposes."

[6]See discussion of Code of Civil Procedure section 1170.5 *infra.*

crued damages is not a consequence of granting such relief to the tenant. The landlord gains sufficient protection from the deposit of the contract rent as it becomes due. A fortiori, when the tenant has vacated the premises, there is no basis for ordering past rent and damages to be deposited for the protection of the landlord. "Judicial protection of the landlord, whether pretrial or post-trial can be justified only within the area of fair compensation for the possession he loses during the period of litigation." (*Cooks* v. *Fowler* (D.C. Cir. 1971) 459 F.2d 1269, 1274.)

Our holding is also supported by the recent enactment of Code of Civil Procedure section 1170.5. Statutes 1982, chapter 1620, effective January 1, 1983. This section provides that except upon agreement of the parties no continuance may be granted in an unlawful detainer action unless the court holds a hearing and (a) determines if there is a reasonable probability the landlord will prevail; (b) if so, determines the damages, if any, the landlord will suffer by the continuance; and (c) orders the tenant to pay that amount into court "*as the rent would have otherwise become due and payable . . . for so long as the [tenant] remains in possession pending the termination of the action.*" (Italics added.) The determination of damages is to be made upon verified proof and by consideration of diminution of value or any setoff the tenant by law may assert.

This section was not in effect at the time the trial court made its orders in the instant case. Moreover, it applies only to unlawful detainer actions in which the tenant remains in possession at the time a continuance is sought. Nevertheless, the public policy expressed in that section is instructive. Section 1170.5 limits the amount that the court can require to be deposited to prospective damages the landlord may suffer as the result of granting a continuance of the trial date to a tenant in possession. In determining those damages the court must consider any evidence presented by the parties on the issue of the rental value of the property. But this section does not authorize the trial court to require deposit of past rent or damages as a condition of granting a continuance. This evidences that the Legislature, as well as the California Supreme Court, deems landlords to be sufficiently protected from litigation delays by the deposit of future damages. Deposit of past rent or other alleged damages is neither justified nor authorized under this latest legislative enactment.

Finally, we consider whether the trial court's order is justified under section 1024 of the Code of Civil Procedure which gives the court discretion to impose "the payment of costs occasioned by the postponement" of the trial as a condition for the continuance. As we pointed out above, whether the landlord ever collects the rent and damages that had accrued at the time the continuance was granted is not affected by the granting of the continuance. Costs allowable under section 1024 are intended to compensate the other party for his expenses in preparing for trial on the appointed day. They may include transportation and

hotel costs, attorneys fees, witness fees and jury fees. (4 Witkin, Cal. Procedure (2d ed. 1971) Trial, § 29 and (1981 Supp. § 29.)) But we have found no case which even remotely suggests that a continuance can be conditioned on depositing with the court the damages alleged by the plaintiff.

Let a peremptory writ of mandate issue commanding respondent court to vacate its order of October 7, 1982, in Los Angeles County Superior Court case No. WEC 74869, entitled Hekmat v. Medford et al., requiring petitioner "to deposit $3050.00 (back rent) with the Court," and to release to petitioner the sum of $3,000, deposited by petitioner with the clerk of respondent court on October 12, 1982.

Schauer, P. J., and Thompson, J., concurred.