[Nos. B068743, B073426, B074932. Second Dist., Div. Four. July 27, 1995.]

CLAIRE LEVINE et al., Plaintiffs and Appellants, v.
ELLIOTT M. POLLACK et al., Defendants and Respondents.

COUNSEL

Bradley Dale Tubin for Plaintiffs and Appellants.

Elliott M. Pollack and Fred L. Slaughter, in pro. per., for Defendants and Respondents.

OPINION

HASTINGS, J.—This appeal is from a final order of dismissal after appellants Claire Levine and Passport Auto Shippers, Inc. (collectively appellants) failed to bring their action to trial within five years from the date it was

initially filed.[1] Appellants challenge an order made by the trial court relating to an award of attorney fees in favor of respondents and against appellant Levine. The trial court ordered as a condition to grant of a trial continuance, that Levine pay attorney fees of $28,000 to respondents, representing fees which would be incurred in the future to prepare for trial on the continued date. Levine never made the payment and ultimately the action was dismissed after the five-year anniversary had passed.

Appellants contend that the court was without authority to condition the continuance of trial on the payment of attorney fees. In the alternative, they contend it was error for the court to award fees which *may be* incurred in the future, as compared to actual fees incurred for the initial trial preparation. We conclude the trial court lacked authority to condition grant of the continuance on payment of attorney fees and that the resulting order of dismissal must be reversed.

## THE FACTS

On February 5, 1988, an action was filed on behalf of Claire Levine and Passport Auto Shippers, Inc. (Passport) naming as defendants Elliott M. Pollack, a New York attorney, and Fred L. Slaughter, a California attorney (collectively respondents). A first amended complaint was filed on March 24, 1988, and is the operative pleading. Appellants allege that they retained respondents to do legal work for the corporation, that respondents breached various duties to appellants in handling the work, resulting in damages to appellants. Six causes of action are alleged: malpractice, fraud, constructive fraud (two separate counts), breach of contract, and intentional infliction of emotional distress.

Respondents answered and Pollack filed a cross-complaint against appellants for legal fees. The parties appeared for trial on January 13, 1992, and the court trailed the matter to January 16.[2] On January 16, on joint motion by the parties, a continuance was granted to April 27, 1992.[3]

On January 27, 1992, counsel for appellants filed a motion to be relieved. The basis for the motion was nonpayment of fees totaling $57,030.09 for

[1]During the course of proceedings in the trial court, appellants filed three notices of appeal. Two notices were from interlocutory orders and the final one from the judgment of dismissal. The judgment of dismissal is a final, appealable judgment from which we may review all orders, including the two from which appeals were noticed. (Code Civ. Proc., §§ 904.1, subd. (a)(1), and 906.)

[2]The record suggests that this may have actually been the sixth trial date set by the court.

[3]In their brief on appeal, respondents indicate that the matter was continued because Levine was in Europe. There is no citation to the record. The minute order indicates that the continuance was at the request of all parties.

work on the case. The motion was granted without opposition on February 18, 1992. In the minute order the court indicates: "If the trial is to be continued a noticed motion will be required."

On April 10, 1992, Levine, in propria persona, filed a motion to continue the trial and set it for hearing on April 27, 1992, the date of trial. In her declaration she indicates that immediately after her prior counsel was dismissed, she obtained reference to new counsel, Howard Weitzman of the firm Katten, Munchin, Zavis & Weitzman. On February 28, 1992, she had spoken with Weitzman and he advised her he could help her attempt to settle the case but if he had to try the matter he needed at least a 60-day continuance from April 27 to adequately prepare the case. The motion was opposed by respondents.

On April 27, the parties appeared for trial and to address the motion to continue. Ms. Levine appeared in propria persona and Attorney Bradley Dale Tubin substituted into the case on behalf of Passport. Counsel for Pollack requested that the court take judicial notice of the fact that Passport's corporate status had been suspended, the court did so, and thereafter the court refused to recognize that Passport had standing in the action.

Levine's motion to continue was then addressed. Counsel for Slaughter advised the court that he had just given notice to his firm that day that he was resigning to take a job as in-house counsel for a corporation. He indicated that he was committed to completing trial of this matter if it began that day, but, if a continuance was granted, new counsel would have to take over the file and work the matter up anew. He estimated that this would cost Slaughter $15,000 to $25,000. Counsel for Pollack also indicated that he would have to rework much of his preparation. The court indicated that it would grant the continuance, but only if Levine agreed to pay the cost of respondents counsel to again prepare for trial: "Whatever those costs are you pay. *And if you don't pay them then you didn't get the continuance.* [¶] . . . [¶] *That means the case is down the tubes. That means I will dismiss the case because the case should not have been continued.*" (Italics added.) Levine reluctantly agreed: "If that's what Your Honor so decides, I will go with that, yes. [¶] . . . [¶] THE COURT: All right. So that's going to be a big cost. It's going to be quite a bit of money no matter what. [¶] Ms. LEVINE: *I don't think I have much choice in this matter.*" (Italics added.)

The court granted the motion and continued trial to June 29, 1992, setting a hearing on the amount of fees to be paid by Levine for May 21, 1992. It dismissed Passport from the action, with prejudice, because its corporate status had been suspended, but ordered that Passport could present a motion

to set aside the dismissal on May 21, if its corporate powers were revived. Counsel for Slaughter was relieved from further representation of his client. A formal order was prepared and signed incorporating the foregoing terms, and indicating the order for attorney fees was based upon Code of Civil Procedure section 1024.[4]

In support of the hearing for allowance of attorney fees, counsel for Pollack filed a declaration estimating that it would cost an additional $10,875 to again prepare for trial. Slaughter filed a substitution of attorney inserting himself into the case in propria persona and filed a declaration from his prior counsel estimating it would cost between $27,000 and $35,000 for new counsel to become familiar with and prepare the matter for trial. The Katten firm substituted into the case on behalf of Levine and filed objections to the declarations of counsel challenging the award of attorney fees as condition to grant of the continuance, urging that attorney fees are not contemplated by section 1024. A motion for reconsideration of the April 27 order was also filed. Counsel for Passport filed a motion to set aside the dismissal, attaching proof that the corporation was in good standing.

On May 21 the motion to assess fees was argued and submitted. On June 4 the court ruled on the motion: "Court assesses the expenses for the continuance as a total of $28,000 [$22,000 for Slaughter and $6,000 for Pollack]. [¶] Trial date of 6-29-92 is vacated. [¶] Court's motion to dismiss is set 10-20-92 at 10:30 a.m. in WE-A. *The case will be dismissed if the fee has not been paid.* [¶] The court will set a trial date when Claire Levine certifies she has paid the above fee."[5] (Italics added.) The court also granted Passport's motion to set aside the dismissal. On June 23, Levine's counsel filed a notice of appeal from this order.

On October 5, 1992, Levine filed a motion to reset the case for trial and also requested that if the court did set a new trial date that the matter be stayed pending appeal. She advised the court that a writ of supersedeas had been denied by the Court of Appeal and that a stay of the action was the only way to preserve the status quo pending the appeal. The motion was set for hearing on October 20, the date set by the court for dismissal of the action if Levine failed to pay the fees ordered on June 4. She indicated that she would

---

[4]That section provides: "When an application is made to the court or referee to postpone a trial, the payment of expenses occasioned by the postponement may be imposed, in the discretion of the court or referee, as a condition of granting the same." All further statutory references will be to the Code of Civil Procedure unless otherwise noted.

[5]The court does not specifically deny the motion to reconsider, however the caption on the minute order states that the matter before the court was "Cross-Deft's & Pltff's Mtn. to Reconsider Order for Plaintiff to pay attorney fees for cost of continuance."

appear on the 20th and deposit the sum of $28,000 into court. Respondents opposed the motion, arguing that because Levine had failed to pay the fees ordered she should not be entitled to relief. On October 28, the court conditionally granted the motion setting the matter for trial on January 4, 1993, dependent upon Levine paying the fees to respondents no later than November 6, 1992. The request for stay was denied.[6]

After the November date had passed without payment of the fees, Passport initiated an ex parte application seeking clarification of the court's order of October 28. It argued that because the court had dismissed it from the action on April 27, it had not been a party to the original motion to continue and had not been ordered to pay fees to respondents. It requested that it be allowed to proceed with trial on January 4, 1993. Respondents also filed an ex parte application requesting that the trial date be vacated for failure of Levine to pay the fees ordered. Respondents argued that because Passport was wholly owned by Levine the order should also preclude Passport from going to trial. The court denied Passport's request and ordered that the trial date be vacated.

Passport filed a motion for reconsideration requesting that the court allow it to proceed to trial, or in the alternative, dismiss the case, because "the case should not have been continued (Transcript, April 27, 1992, page 45, lines 4-5)." Respondents opposed the motion to reset the trial date but joined in the motion for dismissal of the action for failure to pay the fees ordered. The court denied Passport's motion and set its own motion to dismiss for hearing on February 17, 1993, "for failure to bring action to trial within 5 years."

On February 17, 1993, the matter was dismissed. Both Levine and Passport timely filed notices of appeal from the dismissal.

## DISCUSSION

Prior to 1986, section 1024 provided: "When an application is made to a court or referee to postpone a trial, the payment of *costs* occasioned by the postponement may be imposed, in the discretion of the court or referee, as a condition of granting the same." (Italics added.) In 1986 the Legislature amended the section deleting the word *costs* and, in its place, adding the word *expenses*. Counsel advise that since this amendment there has been no reported case construing whether or not attorney fees fall within the term *expenses* as referenced by the statute. We have found none. Each side cites and relies upon cases prior to the amendment.

---

[6]Apparently the court rejected Levine's offer to deposit the funds with the court.

Appellants rely upon *DeCesare* v. *Lembert* (1983) 144 Cal.App.3d 20 [192 Cal.Rptr. 354]. *DeCesare* concerned a request for a continuance in a medical malpractice action. When the matter came on for trial, substitute counsel for plaintiff appeared requesting a continuance because trial counsel was at the Mayo Clinic undergoing a physical examination. Defendant opposed the motion indicating that he had kept his medical appointments calendar cleared so he could attend the trial. Defense counsel indicated that he had expended 17 hours preparing for trial. The trial court suggested it would consider dropping the matter from the calendar, or, in the alternative, the case would be assigned for trial to commence at 1:30 p.m. that afternoon. (*Id.* at p. 22.) Plaintiff's counsel requested that the matter be dropped from the calendar. The court agreed but on condition that there would be a hearing relating to sanctions and costs. (*Ibid.*) A few weeks later, the court awarded defense counsel $6,500 in attorney fees. The order was appealed.

After review of the statutory scheme, the Court of Appeal reversed holding that section 1024 did not contemplate an award of attorney fees as condition to a continuance. "We turn first to a review of statutory law. Chapter 6 of title 14 in part 2 of the Code of Civil Procedure codifies the allowance of costs. Section 1021 of that chapter provides, 'Except as attorney's fees are specifically provided for by statute, the measure and mode of compensation of attorneys . . . is left to the agreement . . . of the parties; but parties to actions or proceedings are entitled to costs and disbursements, as hereinafter provided.' This section makes it clear by definition that attorney fees are not included as 'costs and disbursements' except 'as hereinafter provided.' [¶] *Section 1024, a section within chapter 6, does not specifically identify attorney fees as costs which may be imposed as a condition for granting a continuance.* . . . [¶] It is thus apparent that there is no statutory basis for an allowance of attorney fees as a condition for granting a postponement." (*DeCesare* v. *Lembert, supra,* 144 Cal.App.3d at p. 23, italics added.) In addition to review of the statutory scheme, the court also referenced the case of *Bauguess* v. *Paine* (1978) 22 Cal.3d 626 [150 Cal.Rptr. 461, 586 P.2d 942] as support for its holding.

In *Bauguess,* the Supreme Court reviewed an order for an award of attorney fees granted by the trial court after mistrial was declared. The trial court had found that the mistrial was caused by actions of plaintiff's counsel and believed that an award in favor of defense counsel was necessary to repay defendant for the fees incurred during the two wasted days in trial. The Supreme Court reversed the order and generally discussed the authority of a court to order an award of attorney fees. "It has been the traditional practice in this country for each litigant to bear his or her own attorney's fees.

[Citation.] Awards of attorney's fees by courts are the exception rather than the rule. Generally, a court may properly award attorney's fees only pursuant to an agreement of the parties or statutory authority. This principle is codified in Code of Civil Procedure section 1021 . . . . In the present case, there was no agreement between the parties that would support the trial court's award[,] [¶] . . . [and] no statute provides for fee awards as sanctions following a *mistrial* either against a counsel or a party. . . . [¶] . . . [¶] It would be both unnecessary and unwise to permit trial courts to use fee awards as sanctions apart from those situations authorized by statute. . . . [¶] . . . [¶] The Legislature has provided by statute that awards of attorney's fees may be granted by a court in specific situations. However, the situation presented by this case is not one of them. This case does not fall within the limited number of judicially recognized nonstatutory exceptions to Code of Civil Procedure section 1021. To carve out another judicial exception permitting such an award would pose serious due process problems. For all of these reasons, this court holds that the award of attorney's fees to respondents following a mistrial exceeded the proper limits of the trial court's inherent power." (*Bauguess* v. *Paine, supra,* 22 Cal.3d at pp. 634-639, italics in original.)

Respondents cite and argue the applicability of *McFaddin* v. *H.S. Crocker Co.* (1963) 219 Cal.App.2d 585 [33 Cal.Rptr. 389] and *Medford* v. *Superior Court* (1983) 140 Cal.App.3d 236 [189 Cal.Rptr. 227]. However, these case are of questionable authority.

In *McFaddin*, the court upheld two awards of attorney fees as condition for two separate continuances. However, in light of the subsequent holdings of *Bauguess* and *DeCesare,* and the enactment of section 128.5, see *post*, its continued validity is questionable, at best.

*Medford* involved a continuance of an unlawful detainer trial at the request of the tenant. The court granted the continuance, but conditioned it upon the tenant's deposit with the court of a sum representing back due rent. The Court of Appeal found that the trial court erred by conditioning the continuance on prepayment of potential damages. No award of attorney fees had been made. Notwithstanding that the issue was not before it, the opinion makes the following statement: "Costs allowable under section 1024 are intended to compensate the other party for his expenses in preparing for trial on the appointed day. They may include transportation and hotel costs, *attorneys fees*, witness fees and jury fees. (4 Witkin, Cal. Procedure (2d ed. 1971) Trial, § 29 and (1981 Supp. § 29.))" (*Medford* v. *Superior Court, supra*, 140 Cal.App.3d at pp. 241-242, italics added.) Because the issue of

attorney fees was not before the court, the statement relating to attorney fees is clearly dictum.

Further, the only cite proffered in *Medford* to support this statement references the second edition of Witkin. The third edition now provides as follows: "(b) *Payment of Attorneys' Fees.* Several cases have assumed that payment of counsel fees incurred in preparation for the trial may be required as a condition [for continuance]. (See *McFaddin v. H.S. Crocker Co.* . . . ; *Medford v. Superior Court.* . . .) In *DeCesare v. Lembert* . . . , the court, on a careful examination of the statutory and case law, came to a contrary conclusion. [¶] (1) *McFaddin v. H.S. Crocker Co., supra,* which affirmed an order in which costs and attorneys' fees were awarded, relied on *Wilkin v. Tadlock* [(1952) 110 Cal.App.2d 156 (241 P.2d 1066)] and *Fraser v. Fraser* [(1919) 39 Cal.App. 467 (179 P. 427)], but in neither case did the amount awarded include such fees. [Citation.] . . . [¶] (2) *These cases 'have been overruled sub silentio'* by *Bauguess v. Paine* . . . involving misconduct of counsel leading to a mistrial, and holding that a court may not award attorneys' fees as a sanction under its supervisory power, without statutory authorization. [Citation.]" (7 Witkin, Cal. Procedure (3d ed. 1985) Trial, § 35, pp. 45-46, italics added.)

In 1981, the Legislature adopted section 128.5 which provided, in part: "(a) Every trial court shall have the power to order a party or the party's attorney, or both, to pay any reasonable expenses, *including attorney's fees,* incurred by another party as a result of tactics or actions not based on good faith which are frivolous or which cause unnecessary delay. Frivolous actions or delaying tactics include, but are not limited to, making or opposing motions without good faith." (13 West's Ann. Code Civ. Proc. (1982 ed.) § 128.5, pp. 263-264, italics added.) The Historical Note references the purpose of this enactment: "It is the intent of this legislation to broaden the powers of the trial courts to manage their calendars and provide for the expeditious processing of civil actions by authorizing monetary sanctions *now not present[ly]* authorized by the interpretation of the law in *Bauguess* v. *Paine* (1978) 22 Cal.3d 626 [150 Cal.Rptr. 461, 586 P.2d 942]." (*Ibid.*)

Also, in 1981, the Legislature enacted section 1028.5 which provides for recovery of *reasonable litigation expenses* "[i]n any civil action between a small business or a licensee and a state regulatory agency. . . ." Attorney fees are included within the definition of reasonable litigation expenses in this section. (§ 1028.5, subd. (b).)

In 1987, the year after the word "expenses" was added to section 1024, the Legislature amended Civil Code section 1717. Prior to 1987, that statute, in

pertinent part, read: "In any action on a contract, where the contract specifically provides that attorney's fees and costs . . . shall be awarded either to one of the parties or to the prevailing party, then the party who is determined to be the prevailing party . . . shall be entitled to reasonable attorney's fees *in addition to costs.* . . ." (Italics added.) In 1987 the ending phrase was amended to read "in addition to *other* costs." (Stats. 1987, ch. 1080, § 1, p. 3648, italics added.) This evidences an intent by the Legislature to incorporate attorney fees recoverable pursuant to section 1717 within the concept of costs. In 1990, section 1033.5 was amended. Before 1990, that section read: "(a) The following items are allowable as costs under section 1032: [¶] . . . [¶] (10) Attorney fees as established by *statute*." After a 1993 amendment, subdivision (a)(10) provided: "Attorney fees, when authorized by any of the following: [¶] (A) *Contract.* [¶] (B) Statute. [¶] (C) *Law*." (Stats. 1993, ch. 456, § 15, italics added.)

"A statute must be construed in the context of the entire statutory scheme of which it is a part, in order to achieve harmony among the parts. [Citation.] Also to be considered is the maxim that ' ". . . statutes should be interpreted in such a way as to make them consistent with each other, rather than obviate one another." ' [Citation.]" (*People* v. *Lewis* (1993) 21 Cal.App.4th 243, 254 [25 Cal.Rptr.2d 827].) Moreover, a statute must be construed " ' "in context, keeping in mind the statutory purpose, and statutes or statutory sections relating to the same subject must be harmonized, both internally and with each other, to the extent possible." ' [Citation.]" (*People* v. *Simon* (1995) 9 Cal.4th 493, 514 [37 Cal.Rptr.2d 278, 886 P.2d 1271]; *People* v. *Superior Court (Alvarado)* (1989) 207 Cal.App.3d 464, 476, 255 Cal.Rptr. 46].)

We have no doubt that the Legislature was cognizant of its incorporation of attorney fees into the statutory scheme provided for costs within chapter 6 of title 14 in part 2 of the Code of Civil Procedure, the same chapter in which sections 1021 and 1024 reside. As such, we conclude that the Legislature was aware of the juxtaposition of costs and attorney fees within this statutory scheme and if it had intended for attorney fees to be included within section 1024 it would not have changed the language from *costs* to *expenses*, or would have included a specific reference to attorney fees as in other sections of the same chapter.[7] The trial court does have authority to order an award of attorney fees as sanctions pursuant to section 128.5, but only after the court determines that a party is acting with subjective bad faith. (*Dolan* v. *Buena Engineers, Inc.* (1994) 24 Cal.App.4th 1500, 1506 [29 Cal.Rptr.2d 903].) Specific findings must be made and a written order must

---

[7]See, e.g., sections 1021.1, 1021.4, 1021.5, 1021.6, 1021.7, and 1021.9.

be prepared referencing those findings. (§ 128.5, subd. (c).) That was not done in this case. Instead, the court relied upon section 1024.

■ Relying upon the legislative action following *Bauguess*, the amendment to section 1024 changing the term *costs* to *expenses*, and the other legislative changes in 1987 and 1990 recognizing attorney fees as costs, we conclude that the Legislature did not intend that the court had discretion to award attorney fees as condition to a continuance pursuant to section 1024.[8] Therefore, it was error for the trial court to rely upon this section to condition continuance on payment of the fees ordered. The record is devoid of any evidence suggesting subjective bad faith on behalf of Levine, and no such finding was made by the trial court, therefore, we cannot uphold the award of fees based upon section 128.5.

■ Respondents argue that appellants should be estopped from challenging the order because Levine agreed to pay the fees as condition to obtaining the continuance. Initially we must conclude that this argument only relates to Levine because respondents had successfully obtained dismissal of Passport from the action on April 27, by reason of the loss of corporate powers. The court did not recognize Passport's presence at the hearing and therefore the motion did not relate to that party. Secondly, we conclude that Levine is not estopped. It is clear from the record that her agreement was reluctant, at best. She was given no option. She was representing herself and was apparently misled by the court regarding its ability to order attorney fees as condition for a continuance. Because we have found that the court had no authority to do so, we must also find that any agreement by Levine was occasioned by mistake caused by the court.

It is clear that the court intended to dismiss the action for failure of Levine to pay the fees ordered. Appellants did everything they could to bring the matter to trial before the five-year date had expired, except for payment of the fees ordered. The court removed the matter from the calendar for failure to pay the fees and then waited for the matter to pass beyond the five-year anniversary to dismiss it. Because the court prevented the matter from proceeding to trial based upon an invalid order, it was impossible for appellants to bring the matter to trial within five years. The fault being attributable to the court, it was improper for the court to dismiss the action. (*Coe* v. *City of Los Angeles* (1994) 24 Cal.App.4th 88, 92 [29 Cal.Rptr.2d 297]; *Monzon* v. *Schaefer Ambulance Service, Inc.* (1990) 224 Cal.App.3d 16, 28-29 [273 Cal.Rptr. 615].)

---

[8]Based upon this ruling, we need not reach appellants' argument relating to the award of prospective fees, which we perceive also presents problems.

## DISPOSITION

The orders dismissing the action and imposing attorney fees are reversed. The matter is remanded to the trial court. Costs are awarded to appellants.

Woods (A. M.), P. J., and Vogel (C. S.), J., concurred.

Respondents' petition for review by the Supreme Court was denied October 19, 1995. Kennard, J., was of the opinion that the petition should be granted.