Filed 11/6/13

# TO BE PUBLISHED IN THE OFFICIAL REPORTS

his opinion has been certified for publication in the Official Reports.
It is being sent to assist the Court of Appeal in deciding whether to order
the case transferred to the court on the court's own motion under rules 8.1000-8.1018.

## CERTIFIED FOR PUBLICATION

### APPELLATE DIVISION OF THE SUPERIOR COURT

### STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

| | |
|---|---|
| FERNANDO GARCIA, | No. BV 030474 |
| Plaintiff and Respondent, | Lancaster Trial Court |
| v. | No. 13UA0308 |
| JACQUELINE CRUZ, | |
| Defendant and Appellant. | **OPINION** |

APPEAL from a judgment of the Superior Court of Los Angeles County, Lancaster Trial Court, Carol S. Koppel, Judge.[1]  Reversed.

Daniel J. Bramzon and Matthew L. Brinton of BASTA, Inc., for Defendant and Appellant.

Erik Gunderson of Charlton Weeks, LLP, for Plaintiff and Respondent.

\*          \*          \*

In this unlawful detainer matter, defendant Jacqueline Cruz appeals the judgment entered in favor of plaintiff Fernando Garcia.  The issue on appeal is whether the trial erred when it denied defendant the right to a jury trial after defendant failed to post past-due rent pursuant to the court's order.  We find prejudicial error and, accordingly, reverse the judgment.

---

[1]Retired judge of the San Bernardino Municipal Court sitting under assignment by the Chief Justice pursuant to article VI , section 6 of the California Constitution.

BACKGROUND

Plaintiff filed an unlawful detainer complaint against defendant and Aaron Villanueva[2] seeking possession of the residential premises occupied by them. Plaintiff's complaint alleged that pursuant to a written agreement between the parties, defendant and Villanueva were required to pay rent of $850 on January 1, 2013, and failed to do so. He caused them to be served with a three-day notice to pay rent or quit, and they failed to either pay rent or vacate the premises as required. Plaintiff sought restitution of the premises, past-due rent in the amount of $850, damages at the rate of $27.95 per day for each day that defendant and Villanueva remained in possession of the premises through the entry of judgment, forfeiture of the lease, reasonable attorney fees, and costs.

Defendant and Villanueva filed a joint answer denying the allegations of the complaint and asserting various affirmative defenses including that plaintiff breached the implied warranty of habitability and that plaintiff refused to accept the tender of rent payment either prior to service of the notice to quit or during the notice period. On February 13, 2013, defendant and Villanueva demanded a jury trial and on February 20, 2013, each obtained a waiver of jury fees and costs. On February 22, 2013, the clerk gave notice to the parties that a court trial would be held on March 5, 2013. On the scheduled trial date, the cause was called for a jury trial and continued for such to March 21, 2013.

Prior to the trial date, defendant filed a motion for a summary judgment, and the motion was on the court's March 20, 2013 calendar. The motion was rescheduled for the next court date. The trial court, however, issued an order for defendant to post with the court the "unpaid rent through the end of March in the amount of $2,550" as well as plaintiff's court costs of $321. The court gave two reasons for its order -- defendant alleged as a defense that the disputed rent was proffered, and "it appeared inequitable for [plaintiff] to have not been paid rent for as long as the facts in the case indicated. . . ."

_____

[2]Aaron Villanueva is not a party to this appeal because he failed to file a notice of appeal.

2

On March 21, 2013, the court revised its prior order by striking the requirement that defendant post $321 to cover plaintiff's court costs, but left unchanged the requirement that defendant post $2,550 with the court for the unpaid rent. Defendant objected to the court's order and informed the court that no monies had been posted as ordered. The court ruled that based on the failure to post rent as ordered, the jury trial would be taken off calendar and the matter would proceed immediately to a bench trial.

Thereafter, the cause proceeded to a court trial with plaintiff presenting his case. The defense neither cross-examined plaintiff's witnesses nor presented any defense. On March 27, 2013, the court entered judgment in favor of plaintiff and against defendant for $2,286.85 in rent and damages, $5,000 in attorney fees, $240 in costs, plus restitution and possession of the premises and forfeiture of the lease. This timely appeal followed.

## DISCUSSION

We find meritorious defendant's contention that the trial court erroneously denied her the right to a jury trial. Unless waived, there is a right to a jury trial in an unlawful detainer matter. (Cal. Const., art. I, § 16; Code Civ. Proc., §§ 592, 1171.) " '. . . California constitutional history reflects an unwavering commitment to the principle that the right to a civil jury trial may be waived only as the Legislature prescribes . . . .' " (*Grafton Partners v. Superior Court* (2005) 36 Cal.4th 944, 955.)

As is pertinent to this appeal, a waiver may occur either by the failure to timely demand a jury trial, or by the failure to timely deposit jury fees with the clerk or judge. (Code Civ. Proc. § 631, subd. (f)(4) & (5).)[3] Defendant demanded a jury trial with the filing of her answer.

---

[3]Code of Civil Procedure section 631, subdivision (a), provides as follows: "The right to a trial by jury as declared by Section 16 of Article I of the California Constitution shall be preserved to the parties inviolate. In civil cases, a jury may only be waived pursuant to subdivision (f)." Subdivision (f) of the statute provides in relevant part as follows: "A party waives trial by jury in any of the following ways: [¶] (1) By failing to appear at the trial. [¶] (2) By written consent filed with the clerk or judge. [¶] (3) By oral consent, in open court, entered in the minutes. [¶] (4) By failing to announce that a jury is required, at the time the cause is first set for trial, if it is set upon notice or stipulation, or within five days after notice of setting if it is set without notice or stipulation. [¶] (5) By failing to timely pay the fee described in subdivision (b), unless another party on the same side of the case has paid that fee. [¶] (6) By failing to deposit with the clerk or judge, at the beginning of the second and each succeeding day's session, the sum provided in subdivision (e)."

3

Thus, the demand for a jury was timely under section 631, subdivision (f)(4).)[4] Because defendant timely obtained a waiver of jury fees and costs, she was not required to deposit the nonrefundable fee of $150 five days before the date set for trial. (§ 631, subds. (b), (c)(1).) There is nothing in the record to support a finding that defendant otherwise waived her right to a jury via any of the other statutorily authorized means.

The remaining question is whether, as plaintiff contends, the court's action can be upheld under section 1170.5. This statutory scheme allows the court to require a defendant, prior to trial, to post a plaintiff's potential damages under specified circumstances concerning the setting of the trial date. Unlawful detainer trials are entitled to statutory preference over all other civil matters (§ 1179a), and are required to be held within 20 days following the date that a request to set the matter for trial is made. (§ 1170.5, subd. (a).) Extensions may be granted upon the agreement of the parties (§ 1170.5, subd. (b)), and no continuance of an unlawful detainer trial can exceed 10 days without the consent of the adverse party. No other extensions are permitted unless the court, on its own motion or that of a party, holds a hearing (*ibid*.) to determine the reasonable probability that the plaintiff will prevail at trial and the amount of damages, if any, the plaintiff will suffer by virtue of the extension of the trial date. (§ 1170.5, subd. (c).) The court's determination of the amount of potential damages must be based on "plaintiff's verified statement of the contract rent for rental payment, any verified objection thereto filed by the defendant, and the oral and demonstrative evidence presented at the hearing." (*Ibid*.) The court can order the defendant to "pay that amount into court as the rent would have otherwise become due and payable or into an escrow designated by the court for so long as the defendant remains in possession pending the termination of the action." (*Ibid*.) The court's remedy, should the defendant fail to make the payment as ordered, is to hold the trial within 15 days of the date the payment was due. (§ 1170.5, subds. (c), (d).)

---

[4]Unless otherwise stated, all unspecified statutory references are to the Code of Civil Procedure.

4

The unlawful detainer trial in the instant matter was set for March 5, 2013, which was well within the time frame required by law.[5] The record does not reflect on whose motion the trial was continued from March 5, 2013, to March 21, 2013, and whether the continuance was by agreement or whether plaintiff objected. If the continuance was pursuant to the agreement of the parties, then the court was not authorized to hold a section 1170.5 hearing. Because the record is silent on this issue, we are required to draw all inferences in support of the court□s order. (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 564.).) Therefore, we draw the inference that plaintiff objected to the continuance. This inference, however, is not enough to uphold the court's order.

The fundamental flaw here is that the court imposed a remedy for the violation of its order that was not authorized by law. The statute does not authorize the court, as an available option, to conduct a bench trial in lieu of a jury trial when a defendant fails to deposit money into an account as ordered by the court following a section 1170.5 hearing. Rather, the only statutory remedy available to the court under such a circumstance is to advance the trial date.

Secondarily, the court's order was for back rent (described as "unpaid rent through the month of March 2013"), which is not contemplated by the statute. Rather, section 1170.5 limits the amount that the court can require to be deposited to prospective damages the landlord may suffer as the result of granting a continuance of the trial date to a tenant in possession; the deposit of past rent or damages is not authorized under the statute. (*Medford v. Superior Court* (1983) 140 Cal.App.3d 236, 241, disapproved on another ground in *Levine v. Pollack* (1995) 37 Cal.App.4th 129, 136-137.)

"The court's error deprived defendant of her constitutional right to a jury trial. Such deprivation constitutes a miscarriage of justice and reversible error per se without the need to

_____

[5]The request to set the matter for trial was filed on February 19, 2013, making the 20th day March 11, 2013. (§ 1170.5, subd. (a).)

5

demonstrate actual prejudice.  [Citation.]"  (*Munoz v. Silva* (2013) 216 Cal.App.4th Supp. 1, 15.)

DISPOSITION

The judgment is reversed as to defendant Jacqueline Cruz only.  Defendant Jacqueline Cruz to recover her costs on appeal.

_____
P. McKay, P. J.

We concur:

_____
Ricciardulli, J.

_____
Dymant, J.*

*Retired judge of the Los Angeles Superior Court sitting under assignment by the Chief Justice pursuant to article VI, section 6 of the California Constitution.