Filed 11/14/19

**CERTIFIED FOR PUBLICATION**

APPELLATE DIVISION OF THE SUPERIOR COURT

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

| | | |
|---|---|---|
| GUO ZHANG CHEN, | ) | No. BV 033055 |
| Plaintiff and Respondent, | ) | Pasadena Trial Court |
| v. | ) | No. 19PDUD00385 |
| JANE LIN, | ) | |
| Defendant and Appellant. | ) | **OPINION** |

APPEAL from a judgment of the Superior Court of Los Angeles County, William D. Dodson, Commissioner. Judgment reversed.

Steven W. Kerekes for Plaintiff and Respondent Guo Zhang Chen.

Jane Lin, in pro. per., for Defendant and Appellant.

\*        \*        \*

## INTRODUCTION

Can a tenant in an eviction action be deprived of the right to jury for failing to comply with a court order requiring preparation of proposed jury instructions and other trial documents and not "meeting and conferring" with the landlord's lawyer? We hold the answer is no.

Code of Civil Procedure section 631, subdivision (f), sets forth the exclusive grounds for a jury waiver, and failure to prepare for trial is not listed. Showing up for trial unprepared may subject a party to monetary sanctions, but it does not constitute a waiver of the right to jury, and a court has no power under these circumstances to refuse to conduct a jury trial.

The tenant here, defendant and appellant Jane Lin, was sued to evict her from her home by the landlord, plaintiff and respondent Guo Zhang Chen. In her capacity as a self-represented litigant, defendant filed a demand for jury trial, but appeared on the trial date without complying with a Los Angeles County Superior Court Civil Division unlawful detainer standing order. The court found "defendant had waived jury by not preparing for a jury trial," and following a court trial, judgment was entered against her and possession of the premises was awarded to plaintiff. Because the court exceeded its authority in denying defendant's right to be tried by a jury, we reverse the judgment.

## BACKGROUND

Plaintiff filed the action on February 8, 2019,[1] alleging he owned the property in question, he served defendant with a 30-day notice to quit, and defendant remained in possession without complying with the notice. On February 15, defendant filed an answer. She entered a general denial of the complaint's allegations and asserted affirmative defenses, including retaliatory eviction and breach of the warranty of habitability.

Also on February 15, defendant filed a demand for a jury trial, stating therein, "Please take notice that defendant Jane Lin hereby demands a jury trial in this action." On February 20, plaintiff filed a request to set the case for trial and, on the same date, the case was calendared for a non-jury trial to start on March 12.

---

[1]All further references to dates are to the year 2019 unless otherwise specified.

In a March 12 minute order, the court noted, "Along with the answer, defendant demanded a trial by jury. By March 12, defendant had not complied with any portion of the court's general order regarding jury trials. She had not, for example, prepared proposed jury instructions and other documents. Similarly, she had not met with plaintiff's counsel before trial to comply with the general order." The court stated defendant asked to continue the case "so that she could prepare documents for a jury trial and subpoena government officials. Defendant did not give a credible legal reason why she had not been [able] to prepare for trial before March 12." The court further noted, "Before the trial actually began . . . defendant again demanded a jury. The court again asked what preparation [defendant] had done for a jury trial, and, again, [defendant] conceded that she had done nothing, and again asked for a continuance of the trial, which was again denied. The court made a finding that defendant had waived jury by not preparing for a jury trial."

In the ensuing court trial on March 12, after considering documentary exhibits, the testimony provided by plaintiff and his witness, and defendant's testimony, the court took the matter under submission. The court issued a written order entering judgment in plaintiff's favor. The court awarded plaintiff possession of the property and forfeited the parties' rental agreement. Defendant filed an ex parte application to move to vacate the judgment, listing as one of the grounds that "defendant has demanded for [*sic*] a jury trial," and the court denied the motion. Defendant filed a timely notice of appeal from the judgment.

DISCUSSION

*Noncompliant Brief*

Defendant represented herself on appeal, and the contents of her appellate brief did not comply with the California Rules of Court. Specifically, the brief did not cite to the appellate record or to any authority and failed to list its arguments under separate headings. (See Cal. Rules of Court, rule 8.883(a)(1).) The brief consisted almost exclusively of a notation of dates pertaining to the events in the case followed by assertions that errors occurred. One of the errors was that "defendant demanded for [*sic*] jury trial. Court denied without any reasons [*sic*]." (Other purported errors included, "defendant received the notice to move out from

3

landlord. It was retaliated against defendant [*sic*]" and "plaintiff has breached the warranty to provide habitable premises.")

Despite not complying with the appellate court rules, defendant's assertion that she was denied her right to a jury trial is explicit. Opposing counsel's briefing of the argument in his respondent's brief signifies defendant's demand was sufficiently identifiable to be understood as an issue on appeal. We exercise our discretion and disregard defendant's noncompliance with the court rules pertaining to the contents of briefs. (See Cal. Rules of Court, rule 8.883(d)(2)(C); *Keep Our Mountains Quiet v. County of Santa Clara* (2015) 236 Cal.App.4th 714, 728.)

*Denial of Right to Jury*

The court's determination that defendant showed up for trial unprepared—failing to produce proposed jury instructions and other documents and not having met and conferred with her opponent's counsel—is undisputed. Whether this amounted to a lawful ground to deprive defendant of the right to jury trial is a legal issue, and "[w]e review legal questions de novo. [Citation.]" (*Florio v. Lau* (1998) 68 Cal.App.4th 637, 641; see also *Apartment Assn. of Los Angeles County, Inc. v. City of Los Angeles* (2001) 24 Cal.4th 830, 836 [issues pertaining to constitutional and statutory construction are reviewed de novo on appeal].)

Article I, section 16 of the California Constitution gives parties in a civil dispute the right to trial by jury, providing, in relevant part, "Trial by jury is an inviolate right and shall be secured to all . . . ." The fundamental right to a jury trial in civil cases is specifically guaranteed in unlawful detainer actions by Code of Civil Procedure section 1171. (See *Munoz v. Silva* (2013) 216 Cal.App.4th Supp. 11, 14.) In such cases, the statute states, in relevant part, "Whenever an issue of fact is presented by the pleadings, it must be tried by a jury, unless such jury be waived as in other cases. . . ." (Code Civ. Proc., § 1171.) The right to a jury of one's peers is "'a basic and fundamental part of our system of jurisprudence. . . . As such, it should be zealously guarded by the courts. . . . In case of doubt therefore, the issue should be resolved in favor of preserving a litigant's right to trial by jury.' [Citations.]"

(*Cohill v. Nationwide Auto Service* (1993) 16 Cal.App.4th 696, 699; see *Byram v. Superior Court* (1977) 74 Cal.App.3d 648, 654.)

In a civil case, any waiver of the right to jury must occur "by the consent of the parties expressed as prescribed by statute." (Cal. Const., art. I, § 16.) "'"California constitutional history reflects an unwavering commitment to the principle that the right to a civil jury trial may be waived only as the Legislature prescribes . . . .'"'" [Citation.]" (*Garcia v. Cruz* (2013) 221 Cal.App.4th Supp. 1, 5.)

Code of Civil Procedure section 631, subdivision (f), states, "A party waives trial by jury in any of the following ways: [¶] (1) By failing to appear at the trial. [¶] (2) By written consent filed with the clerk or judge. [¶] (3) By oral consent, in open court, entered in the minutes. [¶] (4) By failing to announce that a jury is required, at the time the cause is first set for trial, if it is set upon notice or stipulation, or within five days after notice of setting if it is set without notice or stipulation. [¶] (5) By failing to deposit with the clerk, or judge, advance jury fees provided in subdivision (b). [¶] (6) By failing to deposit with the clerk or judge, at the beginning of the second and each succeeding day's session, [jury fees]."

The statute is the exclusive authority governing civil jury waivers. (See *De Castro v. Rowe* (1963) 223 Cal.App.2d 547, 552 ["It has been repeatedly held that trial by jury may be waived only in the manner designated by . . . section 631"]; see also *Grafton Partners v. Superior Court* (2005) 36 Cal.4th 944, 952 ["[N]onstatutory authority for waiver of the right to jury trial is not permitted by our Constitution"]; cf. *Cooks v. Superior Court* (1990) 224 Cal.App.3d 723, 727 [holding a court improperly struck a jury request based on a defendant's failure to prepare proposed jury instructions, and noting, "[plaintiff] also argues that the failure to submit jury instructions within the specified time effected a waiver of the right to jury trial. Waiver of this constitutional right may be accomplished by any of the means specified in Code of Civil Procedure section 631. Those methods are exclusive"].)

"Under the general settled canons of statutory construction, we ascertain the Legislature's intent by starting with the words of the statute and giving the words their usual and ordinary meaning. [Citation.] The plain language of the statute controls the court's

5

interpretation unless the words are ambiguous. So long as the plain language of the statute is unambiguous, the court need not, and should not, 'go beyond that pure expression of legislative intent. [Citation.]' [Citation.] Under such circumstances, our inquiry ends and we presume that the Legislature meant what it said and that the plain meaning of the statute governs. [Citation.]" (*Munoz v. Silva*, *supra*, 216 Cal.App.4th Supp. 11 at p. 15.)

The words of the statute are crystal clear on the present issue. Nothing in section 631 of the Code of Civil Procedure alludes to a party's failure to prepare for trial as a proper basis for finding a waiver of the right to a jury trial.

Plaintiff argues the court did not abuse its discretion in denying defendant's request for a jury trial given defendant's failure to comply with the court's "General Order of the Los Angeles Superior Court." Plaintiff maintains, "Specifically, by the date of trial, [defendant] had not prepared proposed jury instructions. Nor had she met with plaintiff's counsel before trial to comply with the General Order."

We have taken judicial notice of the Los Angeles County Superior Court Civil Division's March 5, 2018, Third Amended Standing Order pertaining to unlawful detainer trials, applicable at the time the case was tried.[2] The Standing Order emphasizes parties must comply with numerous requirements when appearing for trial, including printing out proposed jury instructions and verdict forms, giving the court an exhibit list, and requiring the litigants to "meet and confer." The Standing Order states, "Failure to comply with any provision of this Standing Order without substantial justification may result in monetary sanctions." (See Code Civ. Proc., § 575.2 [authorizing imposition of sanctions for failure to comply with trial court rules when the rules specify sanctions may be imposed]; see also Code Civ. Proc., § 177.5 ["A judicial officer shall have the power to impose reasonable money sanctions . . . for any violation of a lawful court order by a person, done without good cause or substantial

---

[2]The trial court's and plaintiff's reliance on the court's "general order" appears to be a reference to a February 19, 2016, general court order, which was superseded by the Standing Order.

6

justification"].)  Notably, the Standing Order does not provide failing to prepare for trial per its requirements can result in a jury waiver.[3]

But, more to the point, even if the Standing Order had provided that failing to comply with its provisions could result in a jury waiver, it would be unenforceable.  "The fundamental flaw here is that the court imposed a remedy for the violation of its order that was not authorized by law."  (*Garcia v. Cruz*, *supra*, 221 Cal.App.4th at p. Supp. 6.)  The Legislature "has prescribed the conditions under which a jury may be waived, and . . . the local courts have no power to adopt or enforce rules at variance with those of the state."  (*Turlock Golf & Country Club v. Superior Court of Stanislaus County* (1966) 240 Cal.App.2d 693, 700.)  "[O]ur Constitution forbids the creation of judicial rules of waiver."  (*Grafton Partners v. Superior Court*, *supra*, 36 Cal.4th at p. 953.)  Pursuant to the authority conferred by the Constitution, "the Legislature, alone, ha[s] the power to determine the circumstances under which a jury could be waived."  (*Ibid.*)

The evidence presented at trial is irrelevant to whether defendant was prejudiced by the court's error.  Stripping a party of the right to trial by jury is reversible error per se.  (See *People v. Collins* (2001) 26 Cal.4th 297, 313 ["where a case improperly is tried to the court rather than to a jury, there is no opportunity meaningfully to assess the outcome that would have ensued in the absence of the error"]; *Munoz v. Silva*, *supra*, 216 Cal.App.4th at p. Supp. 15 ["deprivation [of the right to a jury] constitutes a miscarriage of justice and reversible error per se without the need to demonstrate actual prejudice"]; accord, *Guttman v. Chiazor* (2017) 15 Cal.App.5th Supp. 57, 64-65.)  We set aside the judgment so that, unless jury is waived pursuant to statute, defendant is afforded her right to a jury trial.

DISPOSITION

The judgment is reversed.  Defendant is to recover costs on appeal.

---

[3]Although it did not apply to the present case, the February 19, 2016, general order similarly only stated that failure to comply with its provisions may result in monetary sanctions.

_____
Ricciardulli, J.

We concur:

_____    _____
Kumar, Acting P. J.                  Richardson, J.