Filed 11/21/25

**CERTIFIED FOR PARTIAL PUBLICATION\***

APPELLATE DIVISION OF THE SUPERIOR COURT

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

| | |
|---|---|
| JOHN J. GERARD, JR., as Trustee, etc.,<br><br>　　Plaintiff and Respondent,<br><br>　　　　v.<br><br>JANET CUEVAS,<br><br>　　Defendant and Appellant. | 25APLC00004<br><br>West Covina Trial Court<br><br>No. 24WCUD01154<br><br>**OPINION** |

APPEAL from a judgment of the Superior Court of Los Angeles County, Victor M. Acevedo, Commissioner. Reversed.

BASTA, Inc., Daniel J. Bramzon and Eric Post for Defendant and Appellant.

Law Offices of Liddle & Liddle, Raymond Zakari, Layne Liddle and George Liddle, Jr. for Plaintiff and Respondent.

\*　　　　\*　　　　\*

1

In an unlawful detainer action for failure to pay rent brought by John J. Gerard Jr., as Trustee of the Gerard Revocable Marital Trust Agreement (plaintiff), Janet Cuevas (defendant)[1] declined to personally appear at her jury trial following plaintiff's service of a notice to appear just four days before the commencement of trial. (Code Civ. Proc., § 1987, subd. (b).)[2] The trial court exercised its discretion to retroactively reduce the requisite 10-day notice period and ordered defendant to personally attend the trial with only 91 minutes' notice. When defense counsel appeared but defendant did not, the court issued a terminating sanction by striking defendant's answer and entering a default judgment in favor of plaintiff. In this appeal, we find merit to defendant's contention the trial court abused its discretion by issuing a terminating sanction as a response to defendant's failure to comply with the untimely Notice to Attend the trial ("Notice"). We therefore reverse the judgment on this basis.

BACKGROUND

On May 31, 2024, plaintiff filed an unlawful detainer action against defendant and Jorge H. Cuevas,[3] seeking possession of a single-family residence in the City of Covina. The complaint alleged that on or about November 1, 2022, the parties executed a written agreement in which defendant leased the premises for rent of $3,600 per month. The lease converted into a month-to-month tenancy on the same terms after expiration of the one-year written lease. On April 26, 2024, defendant was served by a registered process server, using substitute service, with a three-day notice to pay past-due rent or quit the premises. Defendant failed to tender the unpaid rent and continued in possession after expiration of the notice period. Plaintiff

---

\* Pursuant to California Rules of Court, rule 8.1110(b), this opinion is certified for publication except for the section captioned "Adequacy of the Record on Appeal."

[1] Defendant's name is identified in the complaint, answer, judgment and the parties' briefs as "Janet G. Cuevas," but the notice of appeal was filed under the name "Janet Cuevas."

[2] All further unspecified statutory references are to the Code of Civil Procedure.

[3] A default was entered as to Jorge H. Cuevas, who did not answer the complaint and is not a party to this appeal.

demanded possession of the premises, forfeiture of the lease, unpaid rent of $6,890, daily damages, costs and contractual attorney fees.

In a first-amended answer, defendant generally and specifically denied each allegation in the complaint and asserted numerous affirmative defenses, including breach of the warranty of habitability, estoppel, waiver, bad faith, no breach of covenant, defective notice, violation of the Los Angeles County Rent Stabilization Ordinance, and other miscellaneous affirmative defenses. Defendant also demanded a jury trial.

On July 30,[4] the court issued a notice for a non-jury trial scheduled for August 21. The jury trial was rescheduled to commence on October 21. On October 18, the defense filed a witness list indicating its intent to call numerous witnesses, including defendant. Also on that date, at 3:24 p.m., plaintiff filed and served by email a "Notice to Attend Trial" demanding defendant's attendance as a witness at the October 22 trial. The Notice was not accompanied by an order shortening the time to appear. (See § 1987, subd. (b).) The matter was called for trial on October 21. Counsel for both parties announced they were ready to proceed with a two-day estimated trial. A panel of prospective jurors was ordered for the next day. Neither party addressed the Notice.

The following morning, the court discussed pre-trial matters with counsel but the Notice was not addressed. Voir dire commenced that afternoon. A minute order of the afternoon proceeding had an entry stating, "Plaintiff's Counsel's oral Motion to Strike the Answer based on the Defendant's failure to appear [wa]s heard, argued, and taken under submission," but there is no record of the oral proceedings at this hearing.

The next morning, on October 23, plaintiff announced, "I'm renewing my motion relative to our notice to appear"—referring to the motion to strike the answer made in the afternoon of October 22. Plaintiff argued the court had discretion, under section 1987, to shorten the notice period for defendant's appearance. As to prejudice, counsel argued that plaintiff was at "a disadvantage to pick[ing] a jury without having the defendant present,"

---

[4] All dates without a year are to the year 2024.

3

opaquely noting potential "age issues" and "demographic issues." Counsel for plaintiff did not explain why he did not subpoena defendant or file and serve the Notice within the statutory deadline, or seek an order shortening the 10-day notice period. Defense counsel replied that defendant was not obligated to attend the trial, the court never shortened the notice period under section 1987, and defendant was unable to miss work on short notice. The Court responded: "What about her argument that we can shorten time just like a motion for summary judgment? If a motion for summary judgment is as important as that it can be short notice on five days -- I said yesterday that I was ruling in exactly the same way as I would for a motion for summary judgment given that this is a jury trial, and she was only one day off, and I said today would be the five-day of service. I indicated that I would allow her to renew the motion today."

Defense counsel reiterated the notice was filed on Friday, the statute requires at least 10 days' notice unless ordered by the court, and the court had not ordered her to appear on shortened notice. Before taking a recess at 11:59 a.m., the court ordered defendant to appear at the 1:30 p.m. hearing. The case was called 94 minutes later. Defendant was not in attendance. The defense planned to call as its trial witnesses the property manager, the process server, and plaintiff. The court found defendant failed to comply with the Notice and invited arguments on an appropriate sanction.

Defense counsel insisted that striking the answer was unwarranted, and urged the court to exhaust any other remedies, such as a monetary sanction or an evidentiary sanction. The defense alternatively urged the court to strike only the "portions of the answer related to the defendant not being here like her affirmative defenses . . . ."

Plaintiff argued that a monetary sanction would be "pointless" and also asserted that an evidentiary sanction would be meaningless because plaintiff, who had the burden of proof at trial, intended to call defendant as part of his case in chief. However, plaintiff did not specify what testimony he sought to elicit from defendant.

The defense replied: "Your honor didn't make an order yesterday. Your honor took it under submission and said that we would deal with the [N]otice and the timeliness of the [N]otice today. [¶] So in effect, what's happening is your honor made an order today for the

client to be here today after a notice to appear . . . was given on Friday despite having had multiple jury trial appearances previously. [¶] This is a civil[] case and the defendant is not required to be here. I don't see the prejudice only other than to the defendant for the defendant not being here." The court agreed with this characterization, clarifying that plaintiff's motion to strike the answer was taken under submission on October 22, and that the only order to appear on shortened notice was issued that morning (October 23). The court struck the answer, finding it would not be possible to excise defendant's affirmative defenses from the answer.

The court commenced a prove-up hearing, wherein counsel called plaintiff and Boa Am Ly as his only witnesses.[5] The court overruled defendant's objections to the admission of plaintiff's exhibits, other than the lease, as inadmissible hearsay and lacking foundation. The court asked defense counsel, "Anything from you[?]" Counsel replied that his hands were tied because the answer was stricken. Judgment was entered in favor of plaintiff and against defendant for possession of the premises, forfeiture of the lease, and past-due rent and holdover damages totaling $28,010.[6]

---

[5] Plaintiff testified he was the trustee of the trust that owned the subject property, and he authorized initiation of the unlawful detainer action due to defendant's failure to pay rent. He also gave foundational testimony for a property tax bill and a trust certification that were received into evidence. Ly testified that she was employed to manage the property on behalf of plaintiff, whose duties included the collection of rent, and that defendant did not pay the past-due rent demanded in the three-day notice before the notice period expired. Ly also gave foundational testimony for the lease and a rent ledger received into evidence.

The defense conducted limited cross-examination of plaintiff concerning his duties as the trustee, and of Ly concerning the role of the property management company that she was employed by, defendant's attempts to pay partial rent after the three-day notice period expired but before the complaint was filed, the office hours available for rent payments, and a habitability complaint by defendant regarding the back yard.

[6] Defendant moved for a new trial, arguing the court erred as a matter of law due to the manner in which it shortened the notice period under section 1987, and by issuing a terminating sanction. The court denied the motion without explanation. Defendant filed a timely notice of appeal from the judgment and the order denying his motion for new trial. The latter order is not separately appealable and is instead reviewable on appeal from the judgment. (*Walker v. Los Angeles County Metropolitan Transportation Authority* (2005) 35 Cal.4th 15, 18-20.)

DISCUSSION

Defendant maintains the trial court erred as a matter of law, and abused its discretion under section 1987, by ordering defendant's same-day appearance. Defendant further contends that even if the shortened time to appear was within the court's inherent authority, striking the answer as a sanction was a manifest abuse of discretion. In opposition, plaintiff asserts the record is inadequate to address the claims of error, defendant forfeited her arguments by failing to move to quash the untimely Notice, and the court acted within its discretion by shortening the time for defendant's appearance and by striking the answer as a sanction for noncompliance with its order to appear. We agree with defendant.

<u>Adequacy of the Record on Appeal</u>

An appealed judgment is presumed correct and the burden is on the appellant to demonstrate reversible error by providing an adequate record on appeal. (*Hernandez v. Cal. Hospital Medical Center* (2000) 78 Cal.App.4th 498, 502.) This obligation requires the appellant to provide a record of the oral proceedings from any trial proceeding relevant to the issues raised on appeal. (*Elena S. v. Kroutik* (2016) 247 Cal.App.4th 570, 574; Cal. Rules of Court, rule 8.830(a)(2).) We presume the record contains all matters necessary to adjudicate the appeal. (Cal. Rules of Court, rule 8.830(b); *Berg v. Investors Real Estate Loan Co*. (1962) 207 Cal.App.2d 808, 813.) Error will not be found on a silent record. (*Haywood v. Superior Court* (2000) 77 Cal.App.4th 949, 955.)

Defendant's notice designating the record on appeal requested transcripts from official electronic recordings of all trial proceedings between October 21 and October 23. On March 7, 2025, the trial court clerk transmitted the completed record on appeal to this court, which included six volumes of transcripts. The transcripts include the morning and afternoon sessions on October 22, but there is no record of proceedings concerning plaintiff's oral motion to strike defendant's answer. On March 28, 2025, defense counsel submitted a letter of omission to the civil appeals unit of the trial court explaining that the October 22 transcript: "appears to omit necessary proceedings. On the afternoon of that day, . . . the court and the attorneys discussed an issue related to the absence of [d]efendant, where the [p]laintiff sought to strike her answer.

. . . Volume 2 at page 20 denotes that a 'recess [was] taken at 1:49 pm until 3:47 pm.' . . . I do need a record of this motion made by plaintiff. [¶] I know that such proceeding occurred while jury selection was occurring because, the following day, in Volume 3 at page 34, [p]laintiff's counsel referred to a discussion occurring the prior day; a discussion that is not contained in Volume 2, and it is clear that it must have occurred when Volume 2 at page 20 denotes that a 'recess [was] taken at 1:49 pm until 3:47 pm.'" (See Cal. Rules of Court, rule 8.841(c)(1).)

On April 18, 2025, the clerk of the appellate division received a supplemental transcript of the October 22 proceedings which was a duplicate of the previously-filed transcript that did not include the omitted proceeding. Another supplemental transcript was received by this court on May 2, 2025, after defendant filed an opening brief. Again, however, this transcript does not include a record of plaintiff's oral motion to strike the answer. Defendant did not file a motion to augment the record on appeal (Cal. Rules of Court, rule 8.841(c)(2)), and she did not elect to use a statement on appeal as a substitute for the missing transcript or seek an order for the court to settle the omission in the record (Cal. Rules of Court, rule 8.835(a)(1)(B), (b)(2)).

The presumption that unreported proceedings would support the judgment does not apply when, as in this case, all the relevant proceedings related to the alleged error are contained in the record before this court. (See *Utz v. Aureguy* (1952) 109 Cal.App.2d 803, 806-807.) According to the October 22 minute order and the October 23 transcript, the unrecorded proceeding was limited to plaintiff's oral motion to strike the answer and argument from the parties. The October 23 transcript contains a summary from counsel and the court regarding what occurred during the unrecorded October 22 proceeding. It was undisputed the court did not rule on the motion to strike and did not reduce the 10-day deadline for service of the Notice at this hearing. The argument of counsel would be of little value considering that the court did not make any order during the unreported hearing. Under these narrow circumstances, we find the record is adequate to assess defendant's claims of error.

Prescribing a Shorter Time for Service of the Notice Under Section 1987

Defendant contends the court abused its discretion by shortening the time for service of the Notice to the same day that her appearance was due. We review for an abuse of discretion

the court's decision to prescribe a shorter time for the Notice. (See *Campanella v. Takaoka* (1984) 160 Cal.App.3d 504, 514, disapproved on another ground in *Salas v. Sears, Roebuck & Co.* (1986) 42 Cal.3d 342, 346.)

A civil court has no inherent power to order a represented defendant to appear in court, except as a witness. (*Cohen v. Hughes Markets, Inc*. (1995) 36 Cal.App.4th 1693, 1700; *Taylor v. Bell* (1971) 21 Cal.App.3d 1002, 1008; see § 128, subd. (a)(6).) A subpoena is the ordinary process by which a party may compel the attendance of a witness to testify in court. (§ 1985, subd. (a).) In lieu of a subpoena, a party of record may be compelled to appear as a witness upon written notice requesting the witness to attend court, specifying the time and place of the proceeding, served upon the party or the party's attorney of record. (§ 1987, subd. (b).) This less formal procedure requires that "[t]he notice shall be served at least 10 days before the time required for attendance unless the court prescribes a shorter time." (*Ibid*.)

In the case *sub judice*, the jury trial was scheduled to commence on October 21 (a Monday). Plaintiff, who did not subpoena defendant to secure her appearance at trial, filed the Notice and served it upon defendant's counsel by email in the late afternoon of October 18 (a Friday), without obtaining an order shortening the time to appear. The Notice instructed defendant to appear for trial as a witness on October 22. At the October 21 hearing, the parties announced they were ready to proceed, and a panel of prospective jurors was ordered for the following day. Neither party addressed the Notice at this hearing. The next day, on October 22, voir dire commenced at 1:30 p.m. Defense counsel made an appearance but defendant was not in attendance. Plaintiff orally moved to strike the answer due to defendant's failure to appear as a witness as instructed in the October 18 Notice. This session was unreported, but it is undisputed the court did not prescribe a shorter time for the notice to appear before voir dire commenced.

On October 23, voir dire reconvened at 11:18 a.m. and was completed after 38 minutes. Plaintiff renewed the motion to strike the answer due to defendant's failure to comply with the Notice, averring he was at a disadvantage in selecting a jury without defendant's presence. Plaintiff did not give any reason for his failure to subpoena defendant or seek an order

8

shortening time for defendant's compliance with the Notice. The defense reiterated that the Notice was untimely and that defendant was unable to attend the trial on short notice due to her work. The court, referencing the compressed timeframe for a summary judgment motion in an unlawful detainer (§ 1170.7), replied that the Notice was "timely at this point," because the court intended to reduce the notice period to five days. Defense counsel reminded the court that as of that point in time, the court had not ordered a shorter time for defendant's appearance under section 1987. The court replied, "then what I'll do is I'm ordering your client to be here at 1:30. If she does not come here at 1:30, I will rule on [plaintiff's] motion." The cause was adjourned for lunch at 11:59 a.m.

Until 11:59 a.m. on October 23, the court had not actually exercised its authority under section 1987 to "prescribe[] a shorter time" for service of the Notice. To "prescribe" required an affirmative order or directive by the court. (Black's Law Dict. (12th ed. Online 2024) [defining the term "prescribe" as "To dictate, ordain, or direct; to establish authoritatively"]; New Oxford American Dict. (3d ed. 2010) p. 1381, col. 1 [defining the term "prescribe" as to "state authoritatively or as a rule that (an action or procedure) should be carried out"]; see *Wasatch Property Management v. Degrate* (2005) 35 Cal.4th 1111, 1121-1122 [courts appropriately refer to dictionary definitions of a word to ascertain the ordinary and usual meaning of the word]; see also *Regents of University of California v. Superior Court* (2013) 220 Cal.App.4th 549, 564 ["to disclose" is an active verb requiring an affirmative act].) The Notice had no effect without a court order shortening the notice period. The court misapplied section 1987 by assuming defendant's attendance was required on three days' notice without ordering a shortened time. (See *Duggan v. Moss* (1979) 98 Cal.App.3d 735, 741 [conditional sanctions unauthorized when the appellant had not yet refused to obey any court order].) A court abuses its discretion when its decision misapplies the applicable legal principles or exceeds any bounds of reason. (*People v. C.S.A.* (2010) 181 Cal.App.4th 773, 778.)

Moreover, the order to appear on 91 minutes' notice was an abuse of the court's discretion. Section 1987 does not give parameters for the court to "prescribe[] a shorter time," and no published case has applied the phrase in the context of this statute. However, the exact

9

same phrase is used in section 1005, which sets the minimum notice period required for a hearing on any motion while allowing the court to "prescribe a shorter time." (§ 1005, subds. (b), (c).) Courts interpreting section 1005 have read into the statute a "good cause" standard for setting a shorter notice period. (See *Campanella v. Takaoka*, *supra*, 160 Cal.App.3d at p. 514.) When the same phrase is used in statutes, we presume the Legislature intended to afford the same meaning to the phrase, unless a contradictory indication is apparent. (*Scottsdale Ins. Co. v. State Farm Mutual Automobile Ins. Co*. (2005) 130 Cal.App.4th 890, 899.) No contradictory intent appears in section 1987 or the case law. Thus, we adopt a good cause standard when assessing an order shortening the notice period under section 1987.

"Although the courts have defined 'good cause' in a variety of contexts, the concept is relative and depends on all the circumstances. [Citation.] It may be based on any matter relevant to the determination. As a general rule, however, 'good cause' includes reasons that are fair, honest, in good faith, not trivial, arbitrary, capricious, or pretextual, and reasonably related to legitimate needs, goals, and purposes. [Citation.] In determining the meaning of 'good cause' in a particular context, the courts utilize common sense based upon the totality of the circumstances." (*Laraway v. Sutro & Co., Inc*. (2002) 96 Cal.App.4th 266, 274.) A good cause determination is reversible only for an abuse of discretion. (See *id*. at p. 273.)

By any standard, shortening the time for defendant's appearance to 91 minutes was an unreasonable and capricious abuse of the court's discretion. This rush to compel defendant's appearance, which was not supported by an explanation for plaintiff's counsel's failure to subpoena defendant or timely serve the Notice, violated defendant's due process rights by failing to afford her a reasonable opportunity to be heard. (See, e.g., *O'Brien v. Cseh* (1983) 148 Cal.App.3d 957, 961-962 [imposition of sanctions on one day's notice by telephone "was a flagrant violation of due process principles"]; see also *In re Marriage of Seagondollar* (2006) 139 Cal.App.4th 1116, 1128-1129 [trial court erred by setting an order to show cause on shortened notice, without a showing of good cause].) Because the order shortening time was invalid, so too was the resulting sanction. (See, e.g., *Duggan v. Moss*, *supra*, 98 Cal.App.3d at p. 743.)

<u>Striking the Answer Was an Unauthorized Terminating Sanction</u>

We also find merit to defendant's alternative contention that even if the court's methodology of shortening time for the Notice was within its discretion, striking defendant's answer as a sanction for her failure to attend trial was reversible error. "[S]anctions are generally imposed in an incremental approach, with terminating sanctions being the last resort." (See *Dept. of Forestry & Fire Protection v. Howell* (2017) 18 Cal.App.5th 154, 191, disapproved on another ground in *Presbyterian Camp & Conference Centers, Inc. v. Superior Court* (2021) 12 Cal.5th 493, 516, fn. 17.) The imposition of a particular sanction is subject to reversal only for a manifest abuse of discretion which exceeds all bounds of reason. (*Electronic Funds Solutions, LLC v. Murphy* (2005) 134 Cal.App.4th 1161, 1183.)

Section 1987 provides that a Notice "shall have the same effect as service of a subpoena on the witness, and the parties shall have those rights and the court may make those orders, including the imposition of sanctions, *as in the case of a subpoena for attendance before the court*." (§ 1987, subd. (b), italics added.) The sanctions available in the case of a party's failure to comply with a subpoena for attendance in court are set forth in section 1991 et seq. Those sanctions are limited to an order of contempt proceedings (§ 1991), a forfeiture of $500 in addition to any monetary damages the aggrieved party may sustain by the failure of the recipient of a subpoena or court order (§ 1992), and the issuance of an arrest warrant (§ 1993).

Section 1991 et seq. does not provide for the striking of an answer or any other terminating sanction. In fact, the original version of section 1991 expressly allowed the court to strike an answer in the case of a defendant's refusal to comply with a subpoena. (*Church v. Payne* (1939) 35 Cal.App.2d Supp. 752, 756.) This provision was held to be unconstitutional by the California Supreme Court "as tending unduly to restrict the right to defend an action." (*Summerville v. Kelliher* (1904) 144 Cal. 155, 160; accord, *O'Neill v. Thomas Day Co.* (1907) 152 Cal. 357, 362 [noting that striking a defendant's answer as a terminating sanction under section 1991 violates due process].) Subsequently, the Legislature amended the statute to remove the provision from section 1991. (*Church v. Payne*, *supra*, at p. Supp. 756.) We presume this was not an idle act, meaning the Legislature no longer considers the striking of an

answer to be an appropriate sanction for a violation of section 1987. (See *L.G. v. M.B.* (2018) 25 Cal.App.5th 211, 222.) Because the sanctions under section 1987 are limited to those available in section 1991 et seq., which no longer authorizes the striking of an answer, the trial court erred as a matter of law by issuing a terminating sanction in this case.

Even if we were to accept plaintiff's argument that striking the answer was authorized under the court's inherent authority to issue sanctions, its application in this case was clearly an abuse of discretion. Sanctions are intended to secure compliance with court orders, not to punish parties. (*Electronic Funds Solutions, LLC v. Murphy*, *supra*, 134 Cal.App.4th at p. 1183.) Courts possess inherent power to issue a terminating sanction for pervasive and consistent misconduct. (*Id*. at p. 1184.) A terminating sanction in the first instance is permitted only in cases involving a willful violation, preceded by a history of abuse, and where no lesser alternative would produce compliance with the order. (*Del Junco v. Hufnagel* (2007) 150 Cal.App.4th 789, 799-800 (*Del Junco*).) The issuance of a terminating sanction should not be made lightly. (*Mileikowsky v. Tenet Healthsystem* (2005) 128 Cal.App.4th 262, 279.)

In *Del Junco*, the defendant was sued after he created a counterfeit website which resembled the plaintiff's business website and contained defamatory statements. (*Del Junco*, *supra*, 150 Cal.App.4th at p. 791.) The defendant was enjoined from continuing to operate the counterfeit website, and ordered to pay monetary sanctions for filing improper pleadings that did not conform to court rules and violated the injunction and a vexatious litigant order. (*Id*. at pp. 795-796.) Finding the defendant's actions "were willful and without justification and improperly burdened [plaintiff] to incur unnecessary expenses," the trial court granted the plaintiff's motion to strike the answer as a sanction after the defendant did not pay sanctions, continued violating the injunction, failed to respond to discovery, and did not appear for a conference. (*Id*. at pp. 796-797.)

The Court of Appeal affirmed the order imposing a terminating sanction, finding the trial court "had the jurisdiction to strike" the defendant's answer. (*Del Junco*, *supra*, 150 Cal.App.4th at pp. 799-800.) The court cited the following circumstances in support of its decision: defendant acted as an obstructionist throughout the proceeding, and showed no

interest in meaningfully participating in the case or in complying with the orders of the court; defendant's documents filed while he was self represented did not follow proper form, violated court rules, and were not served upon opposing counsel; defendant failed to comply with an injunction and did not pay sanctions when ordered to do so; upon substituting counsel, the defense made misrepresentations to the court, and documents were not filed when promised; and responses to interrogatories were not delivered and phone calls were not returned. (*Ibid*.) The court held that "[t]he actions of [defendant] and her counsel were willful and deliberate, caused unnecessary delay, and wasted the trial court's resources." (*Id*. at p. 800.)

In this case, unlike *Del Junco,* counsel appeared on defendant's behalf for every hearing during the pendency of the trial court proceedings. There is no evidence in the record of gamesmanship or other misconduct. Defendant, who had not been subpoenaed, had no obligation to appear pursuant to the untimely Notice, absent an order shortening the 10-day period under section 1987. The court did not order a shorter period until 91 minutes before defendant was due to appear. This nonappearance was hardly an example of egregious behavior. Furthermore, the court could have ordered a monetary sanction to account for the billable hours attributable to defendant's refusal to appear, or stricken defendant's affirmative defenses while allowing defendant to call witnesses and present a defense to plaintiff's case in chief. By striking the answer in toto, defendant was deprived of her day in court; this "ultimate sanction is rarely, if ever, proper in the first instance." (*Sigala v. Anaheim City School Dist*. (1993) 15 Cal.App.4th 661, 673; accord, *Newland v. Superior Court* (1995) 40 Cal.App.4th 608, 616 [terminating sanction ordered because defendant was three days late in paying a monetary sanction, which foreclosed his entire defense, was an "inappropriate" abuse of discretion].) In sum, the court erred by issuing a terminating sanction in the first instance, without imposing other available sanctions.

Prejudice

In an effort to deem any possible error by the court to be harmless, plaintiff posits that defendant "has never presented any offer of the testimony which would have been introduced at

[t]rial by [defendant] which could have altered any determination on the merits[.]"[7]  Defendant contends the error was reversible per se in that it deprived her of the constitutional right to a jury trial.  Again, we agree with defendant.

Violation of a statutory right ordinarily requires the appellant to establish prejudice in order to be entitled to reversal of the judgment.  (Cal. Const., art. VI, § 13; § 475; see *Quintana v. Gibson* (2003) 113 Cal.App.4th 89, 96.)  In this case, however, the error deprived defendant of her constitutional right to a jury trial which is reversible per se.  (*Garcia v. Cruz* (2013) 221 Cal.App.4th Supp. 1, 7; *Munoz v. Silva* (2013) 216 Cal.App.4th Supp. 11, 15.)  Defendant timely demanded a jury trial.  Trial by jury is an inviolate right which is secured to all and can be waived only as authorized by statute.  (Cal. Const., art. I, § 16; *EpicentRx, Inc. v. Superior Court* (2025) 18 Cal.5th 58, 78.)  None of the circumstances authorizing waiver of the right to a jury trial are present.[8]  (§ 631, subd. (f).)  The terminating sanction undoubtedly resulted in a miscarriage of justice.

## DISPOSITION

The judgment is reversed, and the cause is remanded with instructions to set aside the order striking defendant's answer.  Defendant is entitled to recover costs on appeal.

_____
P. McKay, P. J.

We concur:


_____                _____
Ricciardulli, J.                                              Guillemet, J.

_____

[7] Actually, the defense averred that he intended to call witnesses including the process server, who was not subject to cross-examination during the prove-up hearing.

[8] Defendant's failure to personally attend the trial was not a waiver under subdivision (f)(1) of section 631, as her appearance through counsel was sufficient to constitute an appearance.  (*Cohen v. Hughes Markets, Inc.*, *supra*, 36 Cal.App.4th at pp. 1699-1700.)